STATE OF NORTH CAROLINA v. CLEVELAND BATTLE.

(Filed 11 October, 1967.)

**1. Criminal Law § 166—**

Exceptions not brought forward in the brief are deemed abandoned: Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 101—**

   A juror who was not a member of the jury impaneled to try defendant through error entered the jury room with eleven members of the jury impaneled to try the case on the morning following a recess. The trial judge found that the juror in question was in the room only for a short time and that the twelfth juror impaneled to try defendant replaced him within a matter of moments, prior to any deliberations of the jury. *Held:* The court properly denied defendant's motion to set aside the verdict on the ground of any such nonprejudicial incident.

APPEAL by defendant from *Morris, E.J.,* 22 May 1967 Special Criminal Session of NASH.

Defendant was convicted by the Recorder's Court of Nash County upon a warrant charging him with the larceny of two tarpaulins valued at $40.00, the property of J. L. Skinner. From the prison sentence imposed, he appealed to the Superior Court, where he was tried *de novo.* The State's evidence tended to show:

Before noon on 4 August 1966 (the date charged in the warrant), defendant and one Debro twice went in an automobile to the barn of J. L. Skinner, where he and his tenants were housing tobacco. That afternoon, Skinner discovered that two tarpaulins, which had been on a bench at the barn, were missing. The next day, he found the tarpaulins at William Avent's farm store. The previous afternoon, defendant and Debro had sold the tarpaulins to Mr. Avent. They said they had found them in the road, where they had been blown from a truck. Avent paid the two $12.00 in cash and gave then $6.00-$8.00 in trade.

On or about 18 August 1966, while defendant was in jail on charges of larceny, forgery, and false pretense, the sheriff questioned him about the tarpaulins. After he had been fully warned of all of his constitutional rights, defendant told the sheriff that on 4 August he had been drinking; that he discovered the tarpaulins in his car and carried them to Mr. Avent's store; that he sold them to Avent for $5.00; and that he and Debro split the money, which they spent "riding around drinking."

Pending the verdict of the jury, the court took a recess at 5:30 p.m. on 23 May 1967. When court reconvened the following morning, a juror, who was not a member of the jury impaneled to try this case, took a seat in the jury box. By mistake he went into into the jury room with eleven members of defendant's jury. A few moments later the twelfth juror appeared and the "mistaken juror" was removed immediately. The judge, after carefully examining him and the eleven jurors with whom he went into the room, ascertained that he was with them only long enough to get a drink of water,

and that the eleven had not discussed the case with him or in his presence.

The verdict was "guilty as charged." The judge denied defendant's motion to set the verdict aside and imposed a prison sentence of two years. Defendant appealed.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, and Staff Attorney D. M. Jacobs for the State.*

*Royal G. Shannonhouse for defendant appellant.*

PER CURIAM. Appellant assigns as error the failure of the court to grant his motion to set aside the verdict. The exception upon which this assignment of error is based is the only one which defendant sets out in his brief. All others, therefore, are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court of North Carolina; *State v. Strickland*, 254 N.C. 658, 119 S.E. 2d 781.

Defendant argues that the presence of a "stranger" in the jury room creates such an "opportunity for corruption" that it invalidates a verdict. This thesis is not substantiated. "A motion for a new trial for incidents or misconduct of or affecting the jury is addressed to the discretion of the trial court." 4 Strong, N. C. Index, Trial § 50 (1961). When the trial judge finds facts showing that neither the deliberations nor the verdict of the jury were in any manner influenced by the misconceived entrance of an outsider, and that there was no communication between such person and any juror, his refusal to set aside the verdict is not reviewable. *State v. Hill*, 225 N.C. 74, 33 S.E. 2d 470.

In the trial below, we find

No error.