STATE OF NORTH CAROLINA v. WILLIE SAMUELS

No. 80

(Filed 4 December 1979)

**1. Criminal Law §§ 161, 166— questions reviewable without exceptions and assignments of error—necessity for argument in brief**

A defendant may properly present on appeal the questions enumerated in Appellate Rule 10(a) without taking any exceptions or making any assignments of error in the record and may properly present for review the denial of his motion for nonsuit under G.S. 15-173 without making any exception in the record; however, the defendant must still bring such questions forward in his brief, argue them and cite authorities in support of his arguments.

**2. Rape § 5— age of defendant—opportunity of jury to view defendant**

The jury in a first degree rape case could properly find that defendant was more than 16 years of age where the jury had ample opportunity to view the defendant and estimate his age.

APPEAL by defendant from *Allen, J.,* 5 March 1979 Schedule "E" Criminal Session of MECKLENBURG County Superior Court.

Defendant was charged in an indictment, proper in form, with the first degree rape of Rosa Marie Spencer. Defendant was also charged with robbing Spencer with a dangerous weapon.

Spencer testified for the State that she lived and worked in Charlotte, North Carolina on 12 July 1978. After she got off work at 4 p.m. on that date she visited a friend at 911 Harrill Street until 6:30 p.m. and then she visited a friend at 614 East Eighth Street until 7:30 p.m. When she left her second friend's house she went to North Tryon Street to catch a bus.

As she was walking toward College Street, defendant; who was three to four feet behind her, asked her for a match. She told him she did not smoke. She crossed the street and then looked behind her. Defendant was standing less than three feet from her. She turned and started to walk away from him. He grabbed her from behind causing her to drop her purse. The two struggled for a few minutes, then defendant pulled out a knife, dragged her toward some trees and told her, with the knife at her throat and one of his legs in her stomach, to take one leg out of her pants. Defendant put a towel around her eyes and then raped her. She testified that defendant penetrated her and Dr. Gwen Boyd

testified that her examination of Spencer on 12 July 1978 revealed living sperm in her vagina.

Spencer described her assailant to police as a "black male, his hair braided off his forehead, that he was wearing green slacks, blue t-shirt, full cheeks and weighed between 175 and 190 lbs." She testified on *voir dire* that it "had already started getting dark" at the time she was raped, but she "found the conditions to be very visible" because there were street lights and lights from "a house behind the road." On 15 August 1978, she picked defendant's picture from an array of six photographs. On 22 August 1978, she picked out the defendant from a lineup of at least five persons. The trial judge made findings of fact at the *voir dire* and concluded that,

> "under the totality of the circumstances there was no pretrial procedure which was so unnecessarily suggestive and conducive to irreparable mistaken identification as to offend fundamental standards of decency, fairness and justice, and that the in-court identification of the defendant was of independent origin based solely on the witness' observation of the defendant at the time of the assault. . . ."

Sarah Louise Toms testified for the defendant that on 12 July 1978 she lived at 513 North College Street and that "the lighting down College Street toward Tryon is very dark." An investigator for the Public Defender's office testified that he went to the scene of the crime and found that there are no street lights from Tom's house on College Street to Tryon Street, that no houses border on that stretch of the street and that "[f]or three-quarters of the street, the lighting was so bad that I could not read the face of my watch."

Mary Williams and Mattie Williams, sisters of the defendant, and Warren Williams, Mary's husband, testified that defendant spent the entire evening of 12 July 1978 with them. Mary Williams testified that she fixed a special dinner for defendant on that date because he had been to court the day before on a trespassing charge and the charge had been dismissed. Allen Rousseau, an Assistant Clerk of Superior Court in the Twenty-Sixth District, testified that a trespass charge against defendant was voluntarily dismissed in District Court on 11 July 1978.

The jury found defendant guilty of first-degree rape and not guilty of robbery with a dangerous weapon. Defendant was sentenced to life imprisonment on the rape conviction and he appealed to this Court.

*Public Defenders Tom Dickinson and Fritz Y. Mercer, Jr., for the defendant.*

*Attorney General Rufus L. Edmisten by Assistant Attorney General Marilyn R. Rich for the State.*

COPELAND, Justice.

The record on appeal contains three exceptions, properly made, which are the basis of three assignments of error, properly set out at the end of the record. These assignments of error were not brought forward or discussed in the brief; therefore, they are deemed abandoned. Rule 28(a), (b)(3), Rules of Appellate Procedure; *State v. Davis*, 272 N.C. 469, 158 S.E. 2d 630 (1968); *State v. Battle*, 271 N.C. 594, 157 S.E. 2d 14 (1967) *(per curiam)*; *State v. Strickland*, 254 N.C. 658, 119 S.E. 2d 781 (1961). These cases arose under former Rule 28, Rules of Practice in the Supreme Court; however, our present Rule 28 maintains the same rule as former Rule 28 with respect to requiring that the assignments of error be brought forward and discussed in the brief in order to properly present questions for review on appeal.

Defense counsel set forth one Question Presented in his brief. In it he stated that his examination of the record revealed no error prejudicial to the defendant. He has asked us to examine the entire record to determine whether we find prejudicial error warranting a new trial.

This question presented in the brief was not made the basis of any assignment of error. Normally, this Court will not consider questions not properly presented by objections duly made, exceptions duly entered, and assignments of error properly set out. *State v. Brooks*, 275 N.C. 175, 166 S.E. 2d 70 (1969); 1 Strong's N.C. Index 3d, *Appeal and Error* § 24. Under our former Rules of Practice in the Supreme Court, the appeal itself constituted an exception to the judgment and presented for review any error appearing on the face of the record proper. *State v. Cox*, 281 N.C. 131, 187 S.E. 2d 785 (1972); *State v. Kirby*, 276 N.C. 123, 171 S.E.

2d 416 (1970). Our present Rules of Appellate Procedure, effective 1 July 1975, obliterated the former distinction between the "record proper" and the "settled case on appeal." Instead, the single concept of "record on appeal" is used and the composition of the record on appeal is governed by Rule 9(b), Rules of Appellate Procedure. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976); *State v. Adams*, 298 N.C. 802, 260 S.E. 2d 431 (1979) (Opinion filed this date.)

However, our present Rule 10(a), Rules of Appellate Procedure, does provide that,

"[U]pon any appeal duly taken from a final judgment any party to the appeal may present for review, by properly raising them in his brief, the questions whether the judgment is supported by the verdict or by the findings of fact and conclusions of law, whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law, *notwithstanding the absence of exceptions or assignments of error in the record on appeal.*" (Emphasis added.)

Also, G.S. 15-173 allows a defendant to appeal the denial of his motion for nonsuit made at the close of the State's evidence (if the defendant presents no evidence) or made at the close of all the evidence (if the defendant does present evidence), "without the necessity of the defendant's having taken exception to such denial."

[1]    Therefore, it is clear that a defendant may properly present on appeal the questions enumerated in Rule 10(a), without taking any exceptions or making any assignments of error in the record and may properly present for review the denial of his motion for nonsuit under G.S. 15-173 without making any exception in the record. However, in both these situations, the defendant must still bring those questions forward in his brief, argue them and cite authorities in support of his arguments. Rule 28(a), (b)(3). Failure to do so means that those questions are not properly presented for review. Rule 28(a), (b)(3); *State v. McMorris, supra; State v. Adams, supra.* Indeed, Rule 10(a) states that the questions enumerated there may be properly presented for review without exceptions or assignments of error being made "by properly raising them in his brief." Rule 28(a), (b)(3) then elaborates on

the requirements of the brief in this regard as discussed above. We have the power under Rule 2, Rules of Appellate Procedure, to suspend or vary the requirements of the Rules of Appellate Procedure in order "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest . . . except as otherwise expressly provided by these rules" and Rule 28(a), (b)(3) does not expressly provide otherwise.

From the foregoing, it is clear that no questions have properly been presented for review in this case. Nevertheless, due to the seriousness of the conviction and the sentence in this case, we have elected, pursuant to our inherent authority and Rule 2, to review the record on appeal with regard to the sufficiency of the evidence to take the case to the jury and the questions presented by Rule 10(a) and we find no prejudicial error. Furthermore, we have scrutinized the entire record on appeal to determine whether any error prejudicial to the defendant occurred in this trial.

[2] There was sufficient evidence of every essential element of the crime of first degree rape to take this case to the jury. One essential element of the crime of first degree rape is that defendant be more than sixteen years of age. G.S. 14-21(1)b. Here, the jury had ample opportunity to view the defendant and estimate his age. *See, State v. Evans*, 298 N.C. 263, 258 S.E. 2d 354 (1979). The trial judge properly conducted this trial, made no erroneous evidentiary rulings, properly conducted the *voir dire* on the pretrial identification procedures and the in-court identification, and correctly charged the jury. Our examination of the record reveals no prejudicial error.

We caution members of the bar to recognize that, "[i]t is not the function of the appellate courts to search out possible errors which may be prejudicial to an appellant; it is an appellant's duty, acting within the rules of practice, to point out to the appellate court the precise error of which he complains." *Nye v. University Development Co.*, 10 N.C. App. 676, 678, 179 S.E. 2d 795, 796, *cert. denied*, 278 N.C. 702, 181 S.E. 2d 603 (1971). Appeals such as this are subject to dismissal for failure to properly present any questions for review under the requirements of Rule 28(a), (b)(3), unless we elect pursuant to Rule 2, as we have done in this case,

to suspend or vary the requirements of the Rules of Appellate Procedure.

No error.