STATE OF NORTH CAROLINA v. CHARLIE JUNIOR ADAMS

No. 14

(Filed 4 December 1979)

APPEAL by defendant from *McConnell, J.,* 27 November 1978 Session of ROCKINGHAM Superior Court.

Defendant was charged in a bill of indictment with the armed robbery of Eddie Turner and in a warrant for assault with a deadly weapon on Sam Henry Harrison. Defendant entered a plea of not guilty to each charge.

The State offered evidence tending to show that on 12 August 1978 defendant and Terry Lee Booker had been riding around drinking most of the day. Booker was operating a pickup truck which belonged to his father. At about 8:30 p.m. on that day, they stopped in front of Harriet Harrison's home. Mrs. Harrison, Eddie Turner and Geraldine Jones were sitting on the front porch. Either defendant or Booker asked for directions to Johnny Johnson's house. When the people on the porch laughed, Booker at defendant's direction backed the truck into the Harrison yard. Defendant then jumped out of the truck and shot a pistol into the air. Defendant told Turner, "I ought to shoot you and kill you now," and held the pistol against Turner's forehead. During this time, Booker was standing beside the truck holding two shotguns. Booker admitted ordering Turner to empty his pockets, but the testimony conflicted as to which of the assailants took the three dollars from Turner. Subsequently, defendant threatened to kill all the occupants of the porch and fired several shots over their heads. At this point, Mrs. Harrison's son, Sam Henry Harrison, drove up to the house. He looked at Booker's license plate, and defendant told him, "We are going to have to kill you too." Defendant then placed the pistol against Harrison's head and also pointed a shotgun at his chest. Mrs. Harrison constantly pleaded with defendant not to kill anybody. Finally, defendant and Booker left and proceeded to a Thirfty Mart store where they purchased more beer. Shortly after leaving the store, they were stopped by police officers and taken into custody. The officers charged Booker with driving under the influence of intoxicating liquor and charged defendant with public drunkenness. Mrs. Harrison did

not report the robbery and assault which occurred at her home until the next day because she was afraid of the two men.

Defendant offered evidence tending to show that, in celebration of his birthday, he began to drink wine, whiskey and beer on the morning of 12 August 1978 and continued to drink heavily all day. He remembered leaving John Boy Blackwell's house in the late afternoon of 12 August 1978 but remembered nothing else until Booker awakened him and they went into the store on Madison Street in Reidsville. Shortly after leaving this store, police officers stopped them, took Booker and defendant into custody and charged defendant with public drunkenness.

Defendant was convicted of assault with a deadly weapon and armed robbery. He was sentenced to life imprisonment on the charged of armed robbery and to a period of two years for assault with a deadly weapon.

We allowed defendant's petition for discretionary review prior to consideration by the Court of Appeals on the charge of assault with a deadly weapon.

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, for the State.*

*Alexander P. Sands III for defendant appellant.*

BRANCH, Chief Justice.

Counsel for defendant excepted to the judgment entered and perfected his appeal. The record on appeal contains no assignments of error. Counsel, without presenting any arguments in his brief, submits the record on appeal with a request that we examine the record to the end that we might determine whether prejudicial error exists.

In cases where notice of appeal was given after 1 July 1975, we have adopted the single concept of "record on appeal" and abandoned the former distinction between a "record proper" and "settled case on appeal." *See* Rule 9(b) of the New Rules of Appellate Procedure, 287 N.C. 669 (1975).

Rule 28 of the New Rules specifies that our review shall be limited to questions which are supported by the arguments and authorities cited in the brief. However, we may review matters

formerly considered as appearing on the "face of the record proper" when they are properly brought forward in the brief. Rule 10(a) and Rule 28 of the New Rules of Appellate Procedure. Further, the question of the sufficiency of the evidence to carry a case to the jury may be argued on appeal even without proper exception by virtue of the statute G.S. 15-173. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976). Enforcement of the rules under consideration is subject to the provisions of Rule 2 which in effect provides that the appellate courts may suspend or vary the Rules of Appellate Procedure in order to prevent manifest injustice or to expedite decision in the public interest.

Here defendant made no argument in his brief and cited no authority. Thus, nothing is presented to us for review. Nevertheless, because of the severity of the punishment imposed upon the verdict of guilty of armed robbery, we elected pursuant to our inherent authority and Rule 2 to examine the entire record. After such examination, we conclude that the cases were properly presented to the jury for decision since there was substantial evidence of every essential element of the offenses charged and that defendant was the perpetrator of the offenses. *See State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971). Further, we are unable to find any prejudicial error in the trial judge's evidentiary rulings. The court in its instructions to the jury adequately explained and applied the law to the evidence presented.

We, therefore, hold that there was no error warranting that the verdicts or judgments be disturbed.

We note in passing that this case might be worthy of review by the Executive Branch at the proper time in view of the imposition of a life sentence in a three dollar robbery in which no one was injured.

No error.

Justice BROCK did not participate in the consideration or decision of this case.