STATE OF NORTH CAROLINA v. WILLIAM BERNARD COHEN

No. 2

(Filed 7 October 1980)

**Homicide § 21.5– first degree murder – sufficiency of evidence**
     A charge of first degree murder was properly presented to the jury for decision since there was substantial evidence of every essential element of the crime and that defendant was the perpetrator thereof.

     Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment entered by *Howell, J.*, at the 13 November 1979 Session of MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with the murder of Ralph Harding Dixon. Prior to trial the State filed a notice of its intention to prosecute defendant for first degree murder on a non-capital basis. He entered a plea of not guilty.

The State presented evidence that tended to show that on the morning of 27 July 1979 Ralph Dixon, an insurance agent, left his home driving a Volkswagen automobile. He did not return home that evening by his usual hour of ten o'clock. His body was discovered at about five o'clock the next morning by a security guard in the parking lot of a county business. The cause of death was a stab wound that penetrated the heart and lung.

Defendant, a black male, was arrested at about two o'clock on the morning of 28 July 1979 for stealing a motor bicycle. At that time, the police were unaware of Mr. Dixon's death. The arresting officers advised defendant of his *Miranda* rights and searched him. They found two wallets, one of which contained a driver's license and credit cards issued to the deceased. When questioned about the wallet, defendant replied that it belonged to his brother-in-law. Because the picture on the driver's license was that of a white male, the police questioned defendant further. He again asserted that Dixon was his brother-in-law and claimed that his sister had married a white man.

One of the arresting officers called the Dixon home to check defendant's story. He learned from Mrs. Dixon that her husband was an insurance agent, was supposed to have collected insurance premiums that evening and had not returned home. Using this information the officer again questioned defendant on the identity of Ralph Dixon. Defendant's responses were excluded from evidence.

Other evidence for the State showed that a black male used the deceased's gasoline credit card to purchase gasoline on the evening of 27 July 1979. This same credit card was in the wallet found on defendant. The signature on the receipt was not that of the deceased. Dixon's car was found on 28 July in a wrecker service parking lot. It had been towed in at the telephoned request of a man who claimed to be the owner. A key found on defendant fit the ignition and his fingerprints were found on the car.

Defendant presented no evidence but, through cross-examination, showed that the exact time of death could not be

determined. Blood found on clothing worn by defendant when he was arrested was shown to be that of the defendant and not of the deceased. Defendant's handwriting was not compared to the handwriting on the credit card receipt. The wrecker service driver testified on direct examination that the caller who requested that the car be towed sounded to him like a drunken white man.

Defendant was found guilty of first degree murder and was sentenced to life imprisonment.

*Attorney General Rufus L. Edmisten by Assistant Attorney General James Peeler Smith, for the State.*

*Keith M. Stroud for defendant-appellant.*

CARLTON, Justice.

Counsel for defendant excepted to the judgment entered and perfected his appeal. Although the record on appeal contains two assignments of error, defendant's counsel candidly concedes in his brief that there is no error in either assignment. He requests that we review the entire record on appeal to determine whether there exists any prejudicial error in the proceedings below.

Rule 28 of the Rules of Appellate Procedure limits our review to questions that are supported by the arguments made and authorities cited in the brief. *State v. Adams*, 298 N.C. 802, 260 S.E. 2d 431 (1979). Here defendant made no arguments in his brief and cited no authority. Thus, nothing is presented to us for review. However, Rule 2 of the Rules of Appellate Procedure allows the appellate courts to suspend or vary the Rules in order to prevent manifest injustice or to expedite decision in the public interest. Because this case involves a sentence of life imprisonment we elected pursuant to our inherent authority and Rule 2 to examine the entire record. After careful review, we conclude that the murder charge was properly presented to the jury for decision since there was substantial evidence of every essential element of the crime and that defendant was the perpetrator of the crime. *See State v. Davis*, 289 N.C. 500, 223

S.E. 2d 296, *death sentence vacated*, 429 U.S. 809, 97 S. Ct. 47, 50 L. Ed. 2d 69 (1976); *State v. Hairston*, 280 N.C. 220, 185 S.E. 2d 633, *cert. denied*, 409 U.S. 888, 93 S. Ct. 194, 34 L. Ed. 2d 145 (1972); G.S. § 14-17 (Cum. Supp. 1979). We find no prejudicial error in the trial judge's evidentiary rulings. The court in its instructions to the jury adequately explained and applied the law to the evidence presented.

We, therefore, hold that there was no error warranting that the verdict or judgment be disturbed.

No error.

Justice BROCK did not participate in the consideration or decision of this case.