STATE OF NORTH CAROLINA v. EDWARD ALLEN SEE A/K/A DAVID PENNY

No. 56

(Filed 4 November 1980)

1. **Criminal Law § 42.4– display of pistol before jury – identification – use for illustrative purposes**

    The trial court did not err in permitting the district attorney to display a .22 caliber pistol before the jury where two of the State's witnesses testified that the pistol was similar to the pistol used by defendant in committing the crimes charged, and the court instructed the jury that the pistol was not substantive evidence but could be considered only for the purpose of illustrating the testimony of the two State's witnesses.

2. **Criminal Law § 71; Rape § 4– testimony that defendant "raped me" – shorthand statement of fact**

    Testimony by the prosecutrix that defendant "raped me" did not invade the province of the jury since (1) the court sustained an objection to the testimony and (2) the testimony was competent as a shorthand statement of fact.

3. **Criminal Law § 57; Robbery § 3.2– hobby of reloading firearms – target shooting – foundation for testimony concerning robber's pistol**

    A robbery victim's testimony that he had the hobby of reloading firearms and that he did target shooting on occasion was competent to lay a foundation for his subsequent testimony describing the characteristics of the pistol used by the robber and his testimony that a State's exhibit was similar to the pistol used by the robber.

4. **Criminal Law § 34.4; Rape § 4.1– previous kidnapping by defendant – statements to victim – overcoming victim's will**

    Testimony by a kidnapping and rape victim that defendant told her that he had previously kidnapped another girl was competent to show that the victim's will was overcome by her fears for her safety.

5. **Criminal Law § 96– allowance of objection and motion to strike – no instruction to jury to disregard – absence of request**

    The trial court's failure to instruct the jury to disregard certain testi-

mony after sustaining defendant's objection thereto and allowing his motion to strike was not error where defendant made no request for such an instruction.

6. **Criminal Law § 87.2– rape victim – leading questions**

The trial court did not err in permitting the district attorney to ask a rape victim a leading question as to why she consented to engage in particular acts with defendant since it is within the sound discretion of the trial judge to allow the use of leading questions on direct examination, and the exercise of this discretion should not be disturbed when the testimony relates to matters of a delicate nature such as sexual conduct.

7. **Criminal Law § 15.1– denial of change of venue**

The trial court did not err in the denial of defendant's *pro se* motion for a change of venue where defendant failed to show that he could not obtain a fair and impartial trial in the county of venue. G.S. 15A-957.

8. **Criminal Law § 29.1– denial of motion for psychiatric examination**

The trial court did not abuse its discretion in the denial of defendant's *pro se* motion for a psychiatric examination. G.S. 15A-1002(b).

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Britt, J.*, 28 January 1980 Special Session, ROBESON Superior Court.

Upon pleas of not guilty, defendant was tried on bills of indictment charging him with (1) rape, (2) kidnapping, (3) armed robbery, and (4) felonious larceny. Evidence presented by the state tended to show:

At approximately 11:00 p.m. on 16 October 1979 defendant, wearing a toboggan which covered his head and face and carrying a small caliber pistol in his hand, entered the McDonald's Restaurant on Roberts Avenue (Highway 211) in the City of Lumberton, North Carolina. After ordering all eight employees of the establishment into a mop closet, he took a set of car keys from Bobby Hammonds, an employee of the restaurant. Thereupon, he orderd Carol Jane Douglas to leave the premises with him. With defendant driving, he and Miss Douglas left in a Mercury automobile which belonged to Hammonds' wife which had been parked at the restaurant. A short while later, a McDonald's employee called police.

After driving the Mercury two or three miles north of Lumberton on Highway 211, defendant turned off to the right onto a dirt road which led into a wooded area. He stopped the car and forced Miss Douglas to have sexual intercourse with him twice.

Thereafter, defendant drove the Mercury to another section of Lumberton where he was seen by police. After an ensuing chase, defendant abandoned the stolen car and Miss Douglas on a dead-end road. Defendant eluded arrest and Miss Douglas was taken to a hospital. After being arrested in Texas, defendant voluntarily returned to North Carolina.

Defendant offered no evidence.

The jury found him guilty of armed robbery, kidnapping, second-degree rape and felonious larceny. The court entered judgments imposing life sentences in the kidnapping and rape cases, and prison sentences of ten years and five years in the armed robbery and larceny cases, respectively. Defendant appealed and we allowed his motions to bypass the Court of Appeals in the armed robbery and larceny cases.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the state.*

*Robert D. Jacobson for defendant-appellant.*

BRITT, Justice.

[1] Defendant first contends that the trial court prejudicially erred by allowing the assistant district attorney to display a .22 caliber pistol before the jury. Two of the state's witnesses testified that the gun which was displayed was similar to the gun which allegedly had been used by defendant on the night the crimes in question were committed. There is no merit in this contention.

Mr. Bayne Prevatte, assistant manager of the McDonald's Restaurant, and Mr. Hammonds were both present when defendant purportedly entered the restaurant and brandished a small revolver. During the direct examination of Mr. Prevatte, the assistant district attorney presented him with a .22 caliber pistol which had been marked as state's Exhibit 1. The gun was also shown to Mr. Hammonds. Both witnesses testified that the gun which was exhibited to them was similar to the gun which their assailant had employed on the evening of 16 October 1979. At no time did the state make a formal tender of the exhibit. During his charge, the trial judge instructed the jury that the exhibit was not substantive evidence but that it

could be considered by them as illustrative of the testimony of Mr. Prevatte and Mr. Hammonds.

In their testimony, both witnesses fully described the kind of weapon that had been employed in their presence at the restaurant by the robber. Both men testified that state's Exhibit 1 was similar to the gun they had seen on the evening of 16 October 1979. It is an established principle of the law of evidence that a model of a place or a person or an object may be employed to illustrate the testimony of a witness so as to make it more intelligible to the court and to the jury. *Britt v. Carolina N.R.R.*, 148 N.C. 37, 61 S.E. 601 (1908); *see* 1 Stansbury's North Carolina Evidence § 34 (Brandis Rev. 1973); *compare* McCormick's Handbook on the Law of Evidence § 213 (2d ed. 1972). Furthermore, we are unable to perceive there to have been prejudice to defendant in the exhibition of the gun during the testimony of Mr. Prevatte because Mr. Hammonds was allowed to testify that the exhibit in question was about the same size as the gun he had seen in the possession of defendant at the restaurant. Defendant made no objection to that testimony. Such an absence waives the benefit of his prior objection during the testimony of Mr. Prevatte. *E.g., State v. Hunter*, 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied*, 429 U.S. 1093 (1977).

[2] Nor was it error for the trial court to allow Miss Douglas to testify that defendant "raped me" and in permitting Detective Franklin Lovette of the Lumberton Police Department to testify that Miss Douglas had told him that defendant had "raped her." Defendant argues that allowing this testimony to be received into evidence invaded the province of the jury. We disagree.

The record reveals that when Miss Douglas testified that defendant raped her, defendant objected and moved to strike her testimony in that regard. The trial judge sustained the objection but did not instruct the jury not to consider the answer of the witness in their deliberations. The failure of the court to so instruct was not error in that defendant failed to request the appropriate instruction. *State v. Willard*, 293 N.C. 394, 238 S.E. 2d 509 (1977). Even so, had there been a proper request for instructions, defendant cannot complain about the testimony of Miss Douglas as it was competent as a shorthand

statement of fact. *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190 (1968).

As to the testimony of Detective Lovette, he was merely relating what Miss Douglas had told him in an interview he conducted with her on the afternoon of 22 October 1979. The court instructed the jury at the time the testimony was given that it was to be received by them only for the purpose of corroborating the earlier testimony of Miss Douglas. It was competent for this purpose in that it embodied a prior consistent statement of the prosecutrix. *E.g., State v. Medley,* 295 N.C. 75, 243 S.E. 2d 374 (1978).

Defendant next contends that the trial court erred in admitting what he alleges was irrelevant, immaterial and incompetent evidence. This contention is without merit.

[3] Defendant initially directs the attention of this court to the testimony of Mr. Prevatte to the effect that he had the hobby of reloading firearms and that he did some target shooting on occasion. During his testimony, the state elicited evidence from the witness which served to describe the gun which had been employed during the incident at the restaurant. The testimony of Mr. Prevatte concerning his hobby was competent to enable the state to lay an adequate foundation for his subsequent testimony concerning the characteristics of state's Exhibit 1 and the similarity which it bore to the weapon defendant is alleged to have used during the robbery at the McDonald's restaurant.

[4] Nor was it error for the trial court to allow Miss Douglas to testify that defendant told her that he had previously kidnapped another girl. An essential element of the crime of rape is that it is committed against the will of the victim. *State v. Taylor,* 301 N.C. 164, 270 S.E. 2d 409 (1980). Since subjugation of Miss Douglas' will is a material fact in issue, defendant's statement tends to show that her will had been overcome by her fears for her safety. *State v. Taylor, supra.*

[5] Defendant further contends that the trial court erred in allowing Detective Lovette to testify that at approximately 2:15 a.m. on 17 October 1979 (some two hours after the alleged offenses had been committed) he saw Miss Douglas lying on an examination table at Southeastern General Hospital and that

she "appeared to be very emotional, upset." The record clearly indicates that defendant's objection was sustained and that his motion to strike was allowed. There is no indication in the record that defendant requested an instruction to the jury that it disregard the testimony. Therefore, there is no basis for his complaint against this evidence. *State v. Willard, supra.*

[6] Similarly there is no merit in defendant's contention that the trial court erred in permitting the district attorney to ask Miss Douglas a leading question as to why she had submitted to engage in particular acts with defendant. Over defendant's objection, the court permitted her to testify that she had relented because she felt that she had no choice in the matter. It is the general rule in this jurisdiction that it is within the sound discretion of the trial judge to allow the use of leading questions on direct examination. *See generally* 1 Stansbury's North Carolina Evidence § 31 (Brandis Rev. 1973). The exercise of this discretion ought not to be disturbed when the testimony relates to matters of a delicate nature such as sexual conduct. *See State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974). We perceive no abuse of discretion.

[7] Defendant contends next that the trial court committed prejudicial error in denying his *pro se* motions for a change of venue and for a psychiatric examination. This contention is without merit.

G.S. § 15A-957 provides that "if, upon motion of the defendant, the court determines that there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial, the court must either: (1) [t]ransfer the proceeding to another county in the judicial district or to another county in an adjoining judicial district, or (2) [o]rder a special venire under the terms of G.S. 15A-958." We have held that the burden of showing "so great a prejudice against the defendant that he cannot obtain a fair and impartial trial" falls on the defendant. *State v. Boykin,* 291 N.C. 264, 229 S.E. 2d 914 (1976). A motion for change of venue is addressed to the sound discretion of the trial judge, and abuse of discretion must be shown before there is any error. *State v. Boykin, supra.* Defendant did not show that he could not obtain a fair and impartial trial in Robeson County, and we perceive no abuse of discretion on the part of the trial judge in denying his motion.

[8] With respect to defendant's motion for a psychiatric examination, this court has held that a defendant does not have an automatic right to a pretrial psychiatric examination and that the resolution of this matter is within the trial court's discretion. *State v. Washington*, 283 N.C. 175, 195 S.E. 2d 534 (1973), *cert. denied*, 414 U.S. 1132 (1974); *see generally* G.S. § 15A-1002(b). Defendant failed to show in this case that he was entitled to a psychiatric examination and the trial court did not abuse its discretion in denying the motion.

There is no merit in defendant's contention that the trial court erred in denying his motion for a mistrial. This motion was based on the assertion that the court erred in permitting Exhibit 1, a pistol, to be displayed in the presence of the jury. Having held above that the court did not err in permitting the pistol to be displayed in the presence of the jury, it follows that the court did not err in denying the motion for mistrial.

Defendant's contention that the trial court erred in denying his motions for directed verdict has no merit. The evidence against defendant on all charges was substantial and unequivocal.

We have considered defendant's other contentions and conclude that they too are without merit. We hold that defendant received a fair trial, free from prejudicial error.

No error.

Justice BROCK took no part in the consideration or determination of this case.