STATE OF NORTH CAROLINA v. BOBBY McRAE POPLIN

No. 3

(Filed 6 October 1981)

**Criminal Law § 161— Rules of Appellate Procedure—no question for review**

Where, in a criminal case in which defendant received a sentence of life imprisonment, counsel for defendant withdrew all assignments of error as being without merit but requested the Court to review the record on appeal to determine whether there exists any prejudicial or reversible error, the Court under Rule 2 of the Rules of Appellate Procedure had authority to review the entire record even though Rule 28 limits their review to questions presented.

APPEAL by defendant as a matter of right, pursuant to G.S. 7A-27(a), from judgment of *Hairston, J.*, entered at the 17 November 1980 Criminal Session of Superior Court, ROWAN County.

Defendant was charged in three separate bills of indictment with murder in the second degree, felonious assault with a deadly weapon with intent to kill inflicting serious injury, and first degree burglary. The charges were consolidated for the purpose of trial and defendant entered a plea of not guilty to each.

The State's evidence tended to show that during the early morning hours of 20 July 1980, the defendant entered the Kannapolis residence of his estranged wife, Margaret Frances Poplin, by cutting a screen outside her son's bedroom window. Although still legally married, the defendant and his wife had not lived together for approximately one month, since 21 June 1980. The defendant proceeded to his estranged wife's bedroom, thereby waking her and her bedmate, Hayden Kenneth Brown, from their sleep. From the foot of the bed, defendant fired three bullets from a pistol. The first bullet passed through Mrs. Poplin's left arm and into her stomach. The other two entered Brown's abdomen and chest causing his death. The defendant exited through the son's bedroom window and left in a brown and white Camaro.

The defendant's version of the incidents was substantially different. He testified to the effect that he had hidden behind a living room couch when no one else was in Mrs. Poplin's house. He heard the voice of a man talking to his wife. He remained behind the couch until he heard her send her son to bed and

heard what he thought to be kissing coming from his wife's bedroom. He went outside the house and looked through a window into his wife's bedroom where he saw two figures lying in bed. When he felt sure the two people were asleep, he took pictures through a running electric fan in the window. He wanted to get better pictures, so he came back inside the house and waited for a short while near the living room couch. There he found a lady's purse with a gun in it. He put the gun in his belt and went into his wife's bedroom where he took pictures of her and Brown asleep in bed together. The camera flash awakened them and Brown shouted to the wife, "Get the gun, kill the son-of-a-bitch, get the gun, get the gun." A struggle ensued between defendant and his wife. The defendant saw Brown reach under his pillow, so he pointed his gun in Brown's direction and told him that all he wanted to do was leave and no one would get hurt. Mrs. Poplin grabbed the defendant by the arm, and the gun went off. He pushed his wife away, and the gun went off again.

The jury returned verdicts of guilty on all three charges. The counts were consolidated for judgment and the defendant was sentenced to life imprisonment.

*Rufus L. Edmisten, Attorney General by Assistant Attorney Generals John C. Daniel, Jr., and Thomas B. Wood, for the State.*

*J. H. Rennick, Attorney for Defendant-Appellant.*

MEYER, Justice.

Counsel for defendant excepted to certain trial proceedings and brought forward five assignments of error. In his brief, he withdraws all five assignments of error as being without merit, but requests that we review the record on appeal to determine whether there exists any prejudicial and reversible error in the proceedings below.

Rule 28 of the Rules of Appellate Procedure limits our review to questions presented in the briefs which are supported by arguments and authorities upon which the parties rely. *State v. Cohen,* 301 N.C. 220, 270 S.E. 2d 416 (1980); *State v. Adams,* 298 N.C. 802, 260 S.E. 2d 431 (1979). Here, defendant made no arguments in his brief and cited no authority. Therefore, nothing is presented to us for review. However, Rule 2 of the Rules of Ap-

pellate Procedure allows the appellate court to suspend or vary the requirements or provisions of the Rules in order to prevent manifest injustice to a party or to expedite decision in the public interest. Because of the severity of the sentence of life imprisonment imposed upon the defendant, we elected, pursuant to our inherent authority and Rule 2, to review the entire record. After careful review, we conclude that the charges were properly presented to the jury for decision since there was substantial evidence of every essential element of the offenses charged in the bills of indictment and that the defendant was the perpetrator of those offenses. *See State v. Adams,* 298 N.C. 802, 260 S.E. 2d 431 (1979); *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289 (1971). We find that the defendant had a fair trial, free of prejudicial error.

No error.