STATE OF NORTH CAROLINA v. LAWRENCE T. BRICE

No. 523A86

(Filed 7 July 1987)

1. **Criminal Law § 87.1— question not leading**

    The prosecutor's question to a child sexual offense victim, "When you woke up that night after going to sleep, who was in your room?" was not an improper leading question because it was not susceptible to a "yes" or "no" answer and did not suggest that the child should identify defendant as the person in her bedroom.

2. **Criminal Law § 93— question assuming facts not in evidence—order of proof**

    The prosecutor's question to a child sexual offense victim as to who was in her bedroom when she awoke on the night in question assumed facts not in evidence since at that point in the trial there was no evidence that anyone had entered the victim's room, but the trial court did not abuse its discretion in permitting the prosecutor to depart from the regular order of presentation of evidence given the age of the witness and the subject matter of her anticipated testimony. N.C.G.S. § 8C-1, Rule 611(a).

3. **Criminal Law § 169.3— leading questions—evidence of similar import admitted without objection**

    Defendant was not prejudiced by two leading questions posed to a witness on redirect examination where the witness had already given testimony of

similar import without objection during defendant's cross-examination of her. N.C.G.S. § 8C-1, Rule 611(c).

**4. Rape and Allied Offenses § 5— first degree sexual offense—indecent liberties —sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of first degree sexual offense and taking indecent liberties with a minor where it tended to show that defendant touched the eight-year-old victim between her legs when her panties were off and hurt her "inside" with his finger.

**5. Criminal Law § 106— sufficiency of evidence—necessity for leading questions to child victim**

The evidence was not insufficient in a prosecution for a sexual offense and indecent liberties because the child victim was unable to testify without leading questions about the offenses where the victim did testify as to each element of the charged offenses. Even if the victim's testimony had been improperly admitted, that fact would not have entitled defendant to a dismissal of the charges.

**6. Criminal Law § 102.7— jury argument—willingness of witness to lie**

The prosecutor's statement that a defense witness "would have come in here and placed her hand on the Bible and told you she had been to the moon and it was made of cheese if she thought it could help [defendant]" did not inject the prosecutor's personal opinion and belief into the jury argument and was not incompetent and prejudicial where the prosecutor clearly identified her argument as a contention, and where the inference the prosecutor invited the jury to draw was permissible given the witness's inconsistent statements under oath.

APPEAL by the defendant from judgment entered by *Owens, J.,* at the 4 June 1986 Regular Criminal Session of Superior Court, BUNCOMBE County. The defendant was indicted for first degree sexual offense and indecent liberties with a minor. A jury found him guilty of both offenses as charged. He received a life sentence for the first degree sexual offense conviction and a concurrent term of six years for the indecent liberties conviction. The defendant appealed his life sentence to the Supreme Court as of right. His motion to bypass the Court of Appeals on his appeal of the indecent liberties conviction was allowed on 28 August 1986. Heard in the Supreme Court on 14 April 1987.

*Lacy H. Thornburg, Attorney General, by David Gordon, Assistant Attorney General, for the State.*

*John Byrd, Assistant Public Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant presents various assignments of error. These include several contentions that the prosecutor improperly asked leading questions of the victim and another witness. Another contention is that the prosecutor assumed facts not in evidence in one question to the victim. Also, the defendant asserts that the trial court should have granted his motion to dismiss all charges for insufficient evidence. Finally, the defendant argues that the trial court should have sustained his objection to a statement made in the prosecutor's closing argument because it was incompetent, prejudicial and an assertion of opinion. We find no merit in any of these assignments of error.

The State's evidence tended to show that the eight-year-old victim lived with her aunt and grandfather, whom she refers to as "Tune," until November 1985. Her mother occasionally stayed with them. The victim said that on Halloween—Thursday, 31 October 1985—she was alone with her grandfather, the defendant Lawrence T. Brice. He entered her bedroom and touched her between the legs when her panties were off. He hurt her "inside" with his finger and threatened to hit her with a shoe if she told anyone. She had blood in her underwear later.

A social worker gave corroborative testimony that the victim had reported the defendant had "messed" with her previously by sitting on one of her legs to hold her down and placing his index finger "in her private area." The defendant had hit the victim in the face with a "flip-flop" (rubber shoe) before, and her nose had bled.

On 4 November 1985, the victim showed signs of an object having entered her vagina. She had blood tinged mucus at her vaginal opening, redness around her hymen, pus at the lower end of her hymen, black and blue spots on her hymen, and a laceration of her vaginal lining.

The defendant did not testify, but presented witnesses who said he was extensively involved in raising his granddaughter. Others said that the child's mother and the defendant had argued and the victim had stated that her mother told her to say the defendant had sexually abused her.

The defendant's first assignment of error concerns the following exchange during the direct examination of the victim by the prosecutor:

> Q. And did anything happen to wake you up that evening?
>
> A. Yes.
>
> Q. Could you tell us what happened to you, . . .?
>
> A. (No response.) . . .
>
> Q. That night when you went to sleep and something woke you up, who was in your room? Who was in your bedroom?
>
> [Objection overruled.]
>
> Q. You may answer that, . . . . When you woke up that night after going to sleep, who was in your room?
>
> [Objection overruled.]
>
> A. Tune.

[1] The defendant contends this question was improper in that it was leading and assumed facts not in evidence. We hold that the trial court did not abuse its discretion by allowing this question. The question was not leading. It was not susceptible to a "yes" or "no" answer, nor did it suggest that the child should identify the defendant as the person in her bedroom. *State v. Thompson*, 306 N.C. 526, 529, 294 S.E. 2d 314, 316-17 (1982); *see also State v. Young*, 291 N.C. 562, 570, 231 S.E. 2d 577, 582 (1977) (examiner may direct attention to the matter at hand without suggesting answers). Furthermore, the prosecutor was questioning a child concerning a "delicate" topic. *See State v. Higgenbottom*, 312 N.C. 760, 767, 324 S.E. 2d 834, 840 (1985); *State v. Stanley*, 310 N.C. 353, 312 S.E. 2d 482 (1984).

[2] The question, however, did assume facts not in evidence, since at that point in the trial there was no evidence that anyone had entered the victim's bedroom. The victim was the State's first witness, and she had only testified as to her age, residence, and other matters unrelated to the challenged evidence. Nonetheless, the question did not exceed the bounds of permissible direct examination, given the age of the witness and the subject matter

of her anticipated testimony. The trial court properly may depart from the regular order of presentation of evidence so as to make that presentation more effective for the ascertainment of the truth, and will be reversed only for abuse of discretion. *State v. Britt*, 291 N.C. 528, 231 S.E. 2d 644 (1977); N.C.G.S. § 8C-1, Rule 611(a) (1986). Given the age of the witness and the nature of the inquiry in this case, the trial court did not abuse its discretion. *See State v. Lewis*, 298 N.C. 771, 259 S.E. 2d 876 (1979); *State v. Lyles*, 298 N.C. 179, 257 S.E. 2d 410 (1979).

[3]  Next, the defendant contends that the trial court should have sustained his objections to two leading questions posed during re-direct examination of a Department of Social Services worker who was present during defense counsel's interview of the victim. The questions at issue are: "And so basically your testimony is that this appears to be an accurate transcript . . . of what was done?" and "You couldn't say for sure whether this . . . question was asked and this answer was given or not, could you?" Both these questions were leading in that they suggested the answer desired, and were susceptible of a "yes" or "no" response. However, the social worker had already given testimony of similar import without objection during the defendant's cross-examination of her. The defendant, therefore, was not prejudiced and has shown no abuse of the trial court's discretionary power to allow leading questions. *State v. Manuel*, 291 N.C. 705, 231 S.E. 2d 588 (1977); N.C.G.S. § 8C-1, Rule 611(c) (1986). The contention is without merit.

[4]  The defendant further contends that the trial court erred by denying his motion to dismiss for insufficient evidence at the close of all of the evidence. We disagree. Taking the evidence in the light most favorable to it, the State introduced substantial evidence of each element of the crimes charged, and that the defendant was the perpetrator. *See* N.C.G.S. § 14-27.4(a) (1986) (first degree sexual offense); § 14-202.1 (1986) (indecent liberties with a child). No more was required to withstand the motion to dismiss. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980).

[5]  The defendant also contends that the evidence was insufficient because the victim was unable to testify on her own, without leading questions, concerning the offenses charged. Be this as it may, the victim did testify to each element of the charged of-

fenses. She testified that her grandfather touched her with his finger between her legs and hurt her "inside." Even if the victim's testimony had been improperly admitted, that fact would not have entitled the defendant to have his motion to dismiss allowed. In reviewing the denial of such a motion to dismiss, we must consider all the evidence of record, both competent and incompetent. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984).

[6] Finally, the defendant assigns as error the trial court's failure to sustain his objection to the following portion of the prosecutor's closing argument:

> And then I brought in Officer Anton just to show you that it was the early morning hours of Thursday, the 31st, instead of what Miss Bryant was testifying under oath to. It has been demonstrated to you, ladies and gentlemen, from her own handwritten statement which conflicted from the trial testimony, from the changes she made in her own trial testimony from Direct Examination and then in Cross-Examination, the Laura Mae Bryant did not tell you the truth in this courtroom. And I contend to you that she would have come in here and placed her hand on the Bible and told you she had been to the moon and it was made of cheese, if she thought that it—
>
> MR. BYRD: Object. I'm sorry.
>
> MRS. BROWN: —could help her father.

The defendant asserts that this statement injected the prosecutor's personal opinion and belief into the closing argument and was both incompetent and prejudicial. *See State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339 (1983) (prosecutor's calling defendant "conman" and "disciple of Satan" improper when not supported by the evidence); *State v. Smith*, 279 N.C. 163, 181 S.E. 2d 458 (1971) (new trial awarded when prosecutor expressed opinion that defendant was "lower than the bone belly of a cur dog"). We find no merit in this assignment of error.

An attorney may attack the credibility of witnesses when a proper basis exists. *State v. Noell*, 284 N.C. 670, 202 S.E. 2d 750 (1974), *death sentence vacated*, 428 U.S. 902, 49 L.Ed. 2d 1205 (1976). Here the witness had made inconsistent statements both before and during trial. An example will suffice to illustrate the

point. The witness, the defendant's daughter and the victim's aunt, gave testimony directly contradicting that of the child concerning the events surrounding the charged offenses. She said that she had been present in the house at the time, a point which demonstrates the significance of her testimony as follows:

Q. Is that what you told Detective Budd, that you were off every Wednesday?

A. Thursday, it should have been Thursday.

. . . .

Q. Wednesdays and Thursdays are your days off?

A. No, ma'am, Thursdays.

Q. Thursdays are your days off? And did you work, if you can remember, October 30th on Wednesday?

A. Yes, ma'am, I did.

Q. Then you were off on Thursday?

A. Yes, ma'am.

. . . .

Q. Now your testimony here today is that you're off every Thursday?

A. Wednesday or Thursday. I thought Halloween was on a Wednesday.

Q. Miss Bryant, didn't I ask you before I came up with this statement if you were off on Wednesday, and wasn't your answer, "No"?

A. (Witness shakes head in the negative.)

Q. So let me try and get it straight with you, Miss Bryant. Are you off on Wednesdays?

A. Wednesday and Thursdays.

Q. So you're off on Wednesdays?

A. Yes, ma'am.

The inference the prosecutor invited the jury to draw was permissible, given the witness's inconsistent statements under

oath. From the foregoing testimony it could be inferred reasonably that the witness was uncertain whether Halloween, 31 October 1985, had fallen on a Wednesday or a Thursday. It also could be inferred reasonably that she was willing to testify that she had been at home on either day, if it would lend credence to her testimony that she was present at the time of the offenses for which her father was on trial.

Further, the prosecutor was not giving her personal opinion or belief. She clearly identified her argument as a contention, not a statement of fact, when she prefaced her statements with, "I contend to you . . . ."

The defendant has not shown error in this instance. Counsel is allowed wide latitude in argument of hotly contested issues. *State v. Harris*, 319 N.C. 383, 354 S.E. 2d 222 (1987). The trial court did not abuse its discretion by overruling the defendant's objection to the prosecutor's argument.

We hold that the defendant received a fair trial, free from prejudicial error.

No error.