STATE v. DAVE HUNT.

(Filed 13 November, 1929.)

**Indictment D a—In this case held: amendment did not effect substantial change in offense charged and was properly allowed.**

Where the defendant indicted for driving an automobile while intoxicated on a public highway of the State appeals from a conviction in the recorder's court, an amendment allowed by the judge in the Superior Court to make the indictment conform to the statute "or other road over

which the public has a right to travel," and in accordance with the evidence: *Held,* the amendment did not effect a substantial change in the offense charged and was properly allowed by the judge in the exercise of his discretion.

APPEAL by defendant from *Harwood, Special Judge,* at January Term, 1929, of DAVIDSON. No error.

Defendant was arrested and tried in the recorder's court of the city of Thomasville on a warrant charging him with operating an automobile, while intoxicated, on a public highway of this State. He was convicted, and from the judgment of said court defendant appealed to the Superior Court of Davidson County.

At the trial in the Superior Court there was a verdict of guilty. From judgment on the verdict defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Walser & Walser for defendant.*

PER CURIAM. At the call of this case for trial in the Superior Court, the Solicitor for the State moved that the warrant upon which defendant was tried and convicted in the recorder's court of the city of Thomasville be amended by inserting therein after the word "cartway," the words "or other road over which the public had a right to travel." The motion was allowed over the objection of defendant. Defendant's exception to the order of the court allowing the amendment is not sustained. The amendment was allowed in order that the warrant should conform to the statute. Chapter 230, Public Laws 1927. The crime charged in the warrant as amended is substantially the same as that charged in the warrant as originally issued. Defendant was not prejudiced by the amendment. The power of the Superior Court, in proper cases, to permit an amendment of the warrant upon which defendant was convicted in a recorder's court, where defendant has appealed to the Superior Court from the judgment upon such conviction, is well settled. *S. v. Walker,* 179 N. C., 730, 102 S. E., 404; *S. v. Price,* 175 N. C., 804, 95 S. E., 478; *S. v. Poythress,* 174 N. C., 809, 93 S. E., 919. The contention of the defendant that a new offense was charged in the warrant as amended cannot be sustained.

The evidence tended to show that the defendant, while intoxicated, was operating an automobile on a road which leads from a public highway to the place of the business of the lessee of the land over which the road is located. The public was invited to use this road and had a right to travel over the same. The evidence was submitted to the jury under instructions which are free from error. The judgment is affirmed.

No error.