IN RE: BOBBY LEE JONES (MINOR)

No. 7119DC277

(Filed 26 May 1971)

1. Constitutional Law § 30; Infants § 10; Courts § 15— juvenile proceedings — constitutional safeguards — notice of charges

Although juvenile proceedings in this State are not criminal prosecutions, a juvenile cited under a petition to appear for an inquiry into his alleged delinquency is entitled to the constitutional safeguards of due process and fairness; these safeguards include notice of the charge or charges upon which the petition is based.

2. Infants § 10— juvenile proceedings — amendment of petition — due process

Juvenile's constitutional rights were not violated when the court, on the day of the juvenile's hearing, allowed the petition to be amended in order to identify more specifically the owner of the property allegedly stolen by the juvenile.

APPEAL by respondent from *Warren, District Judge,* 19 February 1971 Session of District Court held in CABARRUS County.

Respondent, a juvenile, was adjudged to be a delinquent child by order entered 19 February 1971. The adjudication followed a hearing held pursuant to G.S. 7A-285, and was based

---

In re Jones

---

upon a finding by the court that on 29 January 1971 respondent committed larceny by taking a set of blue lights from a parked vehicle, the same being the property of the City of Concord. Respondent was ordered committed to the North Carolina Board of Juvenile Corrections, to be confined for an indefinite period of time not to exceed his eighteenth birthday. This appeal followed.

*Attorney General Morgan by Assistant Attorney General Banks and Staff Attorney Price for the State.*

*Thomas K. Spence for juvenile appellant.*

GRAHAM, Judge.

Appellant contends the court committed error in refusing motion made on his behalf to quash the petition upon which the hearing was conducted and in allowing the petition to be amended. The amendment was made on the day of the hearing but before the hearing commenced.

[1] Juvenile proceedings in this State are not criminal prosecutions and a finding of delinquency in a juvenile proceeding is not synonymous with the conviction of a crime. Nevertheless, a juvenile cited under a petition to appear for an inquiry into his alleged delinquency is entitled to the constitutional safeguards of due process and fairness. *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879; *In re Alexander,* 8 N.C. App. 517, 174 S.E. 2d 664. These safeguards include notice of the charge or charges upon which the petition is based. *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S.Ct. 1428.

[2] Here the petition sufficiently alleged the offense of larceny. The amendment in no way changed the nature of the offense but simply identified more specifically the owner of the property allegedly stolen. Allowing the amendment under these circumstances was within the sound discretion of the court.

The record fails to show that appellant was denied any constitutional safeguards at any stage of the proceedings.

No error.

Judges CAMPBELL and BRITT concur.