STATE OF NORTH CAROLINA v. TINY TOM CLEMENTS

No. 8020SC903

(Filed 3 March 1981)

1. **Indictment and Warrant § 12.2– amendment of warrant**

   In a trial *de novo* in the superior court upon a warrant alleging death by vehicle, the trial court did not err in allowing the State to amend the warrant at the close of the State's evidence by striking an allegation of "following too closely" and adding an allegation of "failure to reduce speed to avoid an accident, a violation of G.S. 20-141(m)," since the nature of the offense with which defendant was charged, death by vehicle, was not changed by the amendment. G.S. 15A-922(f).

2. **Automobiles § 113.1– death by vehicle – sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for death by vehicle while failing to reduce speed to avoid an accident where it tended to show two vehicles were stopped in an intersection in defendant's lane of travel waiting to make a left turn at the bottom of a long sloping hill; signs warning of the intersection were located 300 feet from the intersection near the crest of the hill; visibility was unimpaired and vehicles coming over the crest of the hill had ample opportunity to see vehicles in the intersection waiting to turn and ample opportunity to stop behind such vehicles; the vehicle in which the deceased was riding came over the crest of the hill and was slowing down in anticipation of having to stop; a sand truck driven by defendant then came over the crest of the hill and struck the right rear of the vehicle in which deceased was riding, forcing it into the lane of oncoming traffic and precipitating the collision in which deceased was killed; and defendant's truck left tire impressions up to the point of impact of approximately 187 feet in length.

3. **Criminal Law § 146.4– constitutional questions not raised in trial court**

   An appellate court cannot consider questions as to the constitutionality of a statute which have not been raised or considered in the trial court.

APPEAL by defendant from *Collier, Judge.* Judgment entered 3 June 1980 in Superior Court, ANSON County. Heard in the Court of Appeals 5 February 1981.

Defendant was charged in a proper warrant with exceeding a safe speed in violation of G.S. § 20-141(a) and following too closely in violation of G.S. § 20-152(a). Defendant was also charged in a proper warrant with death by vehicle while following too closely, in violation of G.S. § 20-141.4. Defendant was first tried in the District Court and was found guilty of all charges on 9 April 1980, and he appealed to the Superior Court for a trial de novo.

In the Superior Court, the Sate offered evidence tending to show the following: On 7 January 1980, at approximately 5:30 p.m., Daniel Lee McRae was operating a white 1967 Ford pickup truck traveling eastbound on U.S. Highway 74 east of Wadesboro, North Carolina. McRae had one passenger, John Carelock. The weather was "overcast, cloudy" but "the highway was dry, visibility was clear," and "it was light enough" that headlights were not necessary. McRae's vehicle was approaching the intersection of U.S. 74 and Rural Paved Road # 1730. U.S. 74 in that area is a "straight" road, and goes up a long but "not steep" slope in each direction from the intersection. Signs indicating the intersection were located on both sides of the eastbound lane of U.S. 74 approximately 300 feet from the intersection near the crest of a hill. Although the eastbound lane was normally two lanes wide, only one lane was open at the time due to road construction.

As McRae's vehicle came over the hill past the signs and approached the intersection McRae observed two vehicles headed in the same direction that were stopped in the lane of travel waiting to make a left turn off of U.S. 74 onto Rural Paved Road # 1730. The westbound lane approaching the intersection was "covered [with traffic] all the way back over the other hill." McRae slowed his vehicle to about 35 m.p.h., anticipating that he would have to stop. Then McRae "heard something," looked in his rear-view mirror, and saw that "a big radiator done hit in the back." McRae "went in the air" and could not remember what happened thereafter.

Henry Allen Snuggs, the driver of one of the vehicles stopped in the eastbound lane of U.S. 74 at the intersection, had

seen McRae's truck come over the crest of the hill moments earlier and thereafter had seen a sand truck, driven by defendant, coming behind McRae's truck. Snuggs noticed that the truck being driven by McRae was reducing speed, and then Snuggs "looked again and Mr. McRae's truck was still slowing down" and the sand truck driven by defendant was "right on his [McRae's] bumper." The sand truck then hit McRae's truck on the rear right-hand side, and McRae's truck went off to the left, into the westbound lane and the path of oncoming traffic. McRae's truck was hit by a "ten-wheeler" truck, and Carelock was killed as a result of the collision.

When O.W. Tant, a state trooper, arrived at the scene he observed that McRae's pickup truck was "totally demolished." Tant then had a conversation with defendant and the driver of the westbound truck, and after defendant was advised of his rights, he told the officer he had been following McRae's truck for approximately two miles. Tant then observed a set of tire impressions matching the tires on the sand truck driven by defendant in the eastbound lane of U.S. 74 approximately 187 feet in length ending at the "point of impact." According to the testimony of Tant, the "point of impact" was 110 feet from the intersection.

At the close of the State's evidence, defendant moved to dismiss the charges of following too closely and driving at an excessive speed. The State moved to amend the warrant alleging death by vehicle to strike the following too closely allegation and to allege "failure to reduce speed to avoid an accident, a violation of G.S. 20-141(m)." The court granted these motions. Defendant offered no evidence. The jury found defendant guilty as charged in the amended warrant, and from a judgment imposing a prison sentence of eighteen months, which was suspended, and a fine of $300, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*E.A. Hightower and H.P. Taylor, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1]     Defendant first assigns error to the court's allowing the State to amend the warrant alleging death by vehicle to strike

the portion alleging following too closely and to add an allega-
tion of "failure to reduce speed to avoid an accident, a violation
of G.S. 20-141(m)." Defendant argues that the amendment
"changed the nature of the offense charged" and thus defend-
ant was "prejudiced" by having to defend himself on two
charges throughout the trial only to have the case submitted to
the jury on a third charge. We disagree.

G.S. § 15A-922(f) provides: "A statement of charges, crim-
inal summons, warrant for arrest, citation, or magistrate's
order may be amended at any time prior to or after final judg-
ment when the amendment does not change the nature of the
offense charged." This statute conforms to the long-held princi-
ple in this State that an amendment to a warrant under which a
defendant is charged is permissible as long as the amended
warrant does not charge the defendant with a different offense.
See, e.g., State v. Wilson, 237 N.C. 746, 75 S.E. 2d 924 (1953); State
v. Hunt, 197 N.C. 707, 150 S.E. 353 (1929).

G.S. § 20-141.4 in pertinent part provides:

> (a) Whoever shall unintentionally cause the death of
> another person while engaged in the violation of any State
> law or local ordinance applying to the operation or use of a
> vehicle or to the regulation of traffic shall be guilty of death
> by vehicle when such violation is the proximate cause of
> said death.

In the present case, the record discloses that defendant was
originally charged in a proper warrant with death by vehicle in
violation of G.S. § 20-141.4. The record also shows that the case
was submitted to the jury on the death by vehicle charge.
Although the amendment allowed by the court replaced the
language "following too closely" with the wording "failure to
reduce speed to avoid an accident, a violation of G.S. 20-141(m),"
defendant was still charged with unintentionally causing the
death of John Carelock while violating a state statute or local
ordinance pertaining to the operation of motor vehicles, when
such violation was the proximate cause of Carelock's death.
Although the death by vehicle statute contemplates that some
violation of a motor vehicle statute or ordinance be specified in
a warrant charging death by vehicle, it is not essential that the
motor vehicle violation alleged in the warrant as originally
issued be the same as the motor vehicle violation alleged in the

warrant as considered by the jury where, as here, the substituted motor vehicle violation is substantially similar to that originally alleged. The nature of the offense with which defendant was charged, death by vehicle, was not changed simply by striking the allegation of following too closely (a violation of G.S. § 20-152) and substituting therefore "failure to reduce speed to avoid an accident, a violation of G.S. 20-141(m)." This assignment of error is without merit.

[2] By his second assignment of error, defendant contends that the court erred in denying his motion to dismiss the charge of death by vehicle as alleged in the amended warrant. We do not agree. In ruling upon a defendant's motion to dismiss, the trial court is required to interpret the evidence in the light most favorable to the Sate, and all reasonable inferences favorable to the State must be drawn therefrom. *State v. Fletcher,* — N.C. — , 272 S.E. 2d 859 (1981); *State v. Hardy,* 299 N.C. 445, 263 S.E. 2d 711 (1980).

Considering the evidence in the present case in the light most favorable to the State, the evidence tends to show that the intersection at which vehicles were stopped in the lane of travel waiting to turn left was at the bottom of a long sloping hill, and signs warning of the intersection were located 300 feet from the intersection near the crest of the hill. The evidence also tends to show that visibility was unimpaired, such that vehicles coming over the crest of the hill would have ample time to see those vehicles stopped at the intersection waiting to turn, and would have ample distance to slow down in anticipation of having to stop behind the vehicles waiting to turn. In addition, the evidence tends to show that the vehicle in which John Carelock was riding had come over the crest and was in fact slowing down in anticipation of having to stop. The evidence further tends to show that the sand truck driven by defendant came over the crest of the hill sometime after the vehicle in which Carelock was a passenger, and defendant's truck then hit the right rear of the vehicle in which Carelock was riding, forcing it into the lane of oncoming traffic and precipitating the collision in which Carelock was killed. Moreover, the evidence tends to show that defendant's truck left tire impressions up to the point of "impact" of approximately 187 feet in length. In our opinion, the evidence is sufficient to raise the reasonable inferences that defendant failed to reduce his speed in order to avoid a collision

with the vehicle in which Carelock was a passenger, and that this failure proximately caused Carelock's death. The trial judge therefore properly denied defendant's motion to dismiss and this assignment of error is without merit.

[3] Finally, defendant contends that G.S. § 20-141 (m), which makes failure to reduce speed to avoid an accident a violation of the State's motor vehicle law, and G.S. § 15A-922(f), the amendment statute previously discussed, are unconstitutional. We will not consider defendant's arguments. It is well settled in this State that the appellate court cannot consider questions raised as to the constitutionality of a statute that have not been raised or considered in the trial court. *City of Durham v. Manson*, 285 N.C. 741, 208 S.E. 2d 662 (1974); *Wilcox v. North Carolina State Highway Commission*, 279 N.C. 185, 181 S.E. 2d 435 (1971); *Mayton v. Hiatt's Used Cars*, Inc., 45 N.C. App. 206, 262 S.E. 2d 860, *disc. rev. denied*, 300 N.C. 198, 269 S.E. 2d 624 (1980). The record in the present case indicates that defendant did not move to quash the warrant charging him with death by vehicle after the amendment of the warrant, nor did defendant move to arrest the judgment. Indeed, the record fails to disclose that a question as to the constitutionality of either G.S. § 20-141(m) or G.S. § 15A-922(f) was ever mentioned while the trial court was vested with jurisdiction, and thus the constitutional questions are not properly before us.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and CLARK concur.