STATE OF NORTH CAROLINA v. DUANE DRUMMOND

No. 8514SC1307

(Filed 17 June 1986)

Infants § 18— juvenile delinquent—juvenile guilty of first degree rape—insufficiency of evidence

A juvenile order finding defendant guilty of first degree rape and sentencing him to one year of supervised juvenile probation is reversed since the evidence adduced at trial did not support the crime alleged in the petition, first degree rape under N.C.G.S. § 14-27.2(a)(1), and the petition did not give defendant notice of the crime putatively described in the order, first degree rape under N.C.G.S. § 14-27.2(a)(2)(c).

APPEAL by defendant from *LaBarre, Judge.* Juvenile Court order entered 30 April 1985 in District Court, DURHAM County. Heard in the Court of Appeals 2 June 1986.

Defendant, an eleven-year-old child at the time the crime took place, was found guilty of committing first-degree rape against a six-year-old victim. At trial the State presented evidence tending to show the following: Defendant and one Lonnie Green went into a wooded area with the six-year-old victim. The six-year-old victim pulled down her pants. Defendant and

Lonnie Green kept watch for each other as each boy engaged in vaginal intercourse with the victim. From a juvenile order finding defendant guilty of first-degree rape and sentencing him to one year of supervised juvenile probation, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Gordon, for the State.*

*Darryl Smith for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends that the trial court erred in denying defendant's motion to dismiss because the evidence of defendant's age and of penetration was insufficient to support a judgment of delinquency.

The juvenile petition issued in this case states in pertinent part:

3. The following offense(s) or condition(s) is/are alleged:

That the above named child is a delinquent child as defined by G.S. 7A-517(12) in that at and in the county named above on or about the 10th day of May 1984 the above named child did unlawfully, willfully and feloniously carnally know and abuse Natasha Williams a child 6 years old (10/9/77) and thus of the age of 12 years or less in violation of the following law: G.S. 14-27.2.

The juvenile order in pertinent part states that "the Court finds [defendant] guilty beyond a reasonable doubt of having engaged in sexual intercourse with [the victim]; that he committed the offense while aiding and abetting by one or more persons; that disposition be continued." Assuming arguendo that the petition and the order are sufficient to charge a crime, we reverse the order because the evidence adduced at trial does not support the crime alleged in the petition and the petition does not give defendant notice of the crime putatively described in the order.

The evidence presented at trial appears to present two possible theories of first-degree rape under G.S. 14-27.2. First, under G.S. 14-27.2(a)(1), a person is guilty of rape in the first degree if the person engages in vaginal intercourse with a victim who is a child of the age of twelve years or less and the defendant is of the

age of twelve years or more and is four or more years older than the victim. Because defendant in the present case pled not guilty, the burden is on the State to prove every element of the offense charged beyond a reasonable doubt. *See, e.g., State v. Billinger*, 9 N.C. App. 573, 176 S.E. 2d 901 (1970). The uncontradicted evidence shows that defendant was under twelve at the time the offense occurred. No evidence of the age of his accomplice, Lonnie Green, is present in the record before us. Therefore, defendant could not be found guilty of first-degree rape under G.S. 14-27.2 (a)(1).

The second theory of first-degree rape suggested by the evidence is defined in G.S. 14-27.2(a)(2)(c): A person is guilty of rape in the first degree if the person engages in vaginal intercourse with another person by force and against the will of the other person and the person commits the offense aided and abetted by one or more other persons. It appears that this second theory is the theory under which the trial court found defendant guilty. This theory, however, was not alleged in the petition. In fact, implicit in the briefs filed by both the State and defendant is the belief that defendant was found guilty of violating G.S. 14-27.2(a) (1), the first theory.

The petition fails to give defendant adequate notice of the crime of which he was found guilty and therefore violated defendant's constitutional rights. "Notice must be given in juvenile proceedings which would be deemed constitutionally adequate in a civil or criminal proceeding; that is, notice must be given the juvenile and his parents sufficiently in advance of scheduled court proceedings to afford them reasonable opportunity to prepare, and the notice must set forth the alleged misconduct with particularity." *In re Burrus*, 275 N.C. 517, 530, 169 S.E. 2d 879, 887 (1969). *See also In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967). The juvenile petition makes no mention of an accomplice, of aiding or abetting another or of the use of force. Therefore the petition does not describe a violation of G.S. 14-27.2(a)(2)(c) with any particularity.

If the highly ambiguous order entered in this case finds defendant guilty of violating G.S. 14-27.2(a)(1), the order must be reversed because the evidence is insufficient. *State v. Billinger*, 9 N.C. App. 573, 176 S.E. 2d 901 (1970). If the flawed order finds

defendant guilty of violating G.S. 14-27.2(a)(2)(c), the order must be vacated because the petition granting the trial court jurisdiction is insufficient to allege a violation of G.S. 14-27.2(a)(2)(c). *State v. Ingram*, 271 N.C. 538, 157 S.E. 2d 119 (1967). The order of the district court is arrested.

Judges EAGLES and COZORT concur.