STATE OF NORTH CAROLINA v. JEFFREY BRYAN NICHOLSON

No. 8922SC871

(Filed 19 June 1990)

1. **Rape and Allied Offenses § 5 (NCI3d) — attempted first degree rape — insufficiency of evidence**

    Evidence was insufficient to submit a charge of attempted first degree rape to the jury where the evidence tended to show that defendant entered the home of the victim, held a gun to her head, carried her to various rooms in her house, and then gave the victim the gun and apologized after she ran outside her house, but there was no evidence that would give rise to a reasonable inference that the attack on the victim was sexually motivated or that defendant at any time had the intent to gratify his passion on the victim.

    **Am Jur 2d, Rape §§ 88, 89.**

2. **Kidnapping § 1.2 (NCI3d) — no evidence of lesser offense of false imprisonment**

    The trial court did not err in failing to instruct on and submit to the jury the offense of false imprisonment as a lesser included offense of second degree kidnapping where defendant was charged with restraining the victim for the purpose of terrorizing her; the State's evidence unerringly pointed to a purpose to terrorize the victim in defendant's act of grabbing her at gunpoint and telling her that he was going to kill her; the jury clearly rejected defendant's testimony that the whole incident was a misunderstanding; and there was thus no evidence supporting the lesser included offense.

    **Am Jur 2d, Abduction and Kidnapping §§ 14, 27, 32.**

3. **Arrest and Bail § 197 (NCI4th) — bail revoked during trial — no new conditions set — defendant not entitled to mistrial**

    The trial court did not err in denying defendant's motion for a mistrial after the court revoked bail during trial and

failed to impose new conditions for bail as set forth in N.C.G.S. § 15A-534(f), where the court's action was taken at the end of the first day of trial, after the victim had testified and after the jury had been excused for the evening; when defendant was brought to court the next day, he was not in shackles or dressed in prison garb and was not escorted by a deputy sheriff; and the trial court's action did not affect defendant in the preparation and defense of his case to his prejudice.

**Am Jur 2d, Bail and Recognizance § 27.**

APPEAL by defendant from Judgments of *Judge James C. Davis* entered 13 April 1989 in IREDELL County Superior Court. Heard in the Court of Appeals 15 February 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Randy L. Miller, for the State.*

*D. Blake Yokley for defendant appellant.*

COZORT, Judge.

Defendant appeals from jury verdicts finding defendant guilty of second-degree kidnapping and attempted first-degree forcible rape. We vacate the conviction for attempted first-degree rape but find no error in the conviction for second-degree kidnapping.

The State's evidence presented at trial tended to show the following: On the morning of 10 October 1988, defendant rang the doorbell of the residence of Betty Jean Thompson to ask for a bandage for his finger. Ms. Thompson knew defendant as her neighbors' son-in-law and had known defendant's wife since the wife was a child. Ms. Thompson gave defendant a bandage, and defendant left. Approximately twenty minutes later, defendant returned and asked for some matches. While Ms. Thompson was in the kitchen looking for matches, defendant entered the house and grabbed her by placing his left arm around her neck and shoulder. In his right hand was a pistol which he pointed toward her head. Defendant told Ms. Thompson that he was going to kill her and forced her to walk from the kitchen into the living room, where she either fell or slid down onto the floor. She asked him why he was doing this to her. Defendant never spoke but jerked her up from the floor, placed his hands under her legs and picked her up, and began to carry her across the living room toward

STATE v. NICHOLSON

[99 N.C. App. 143 (1990)]

the back of the house where the bedrooms and bathrooms were located. Ms. Thompson then screamed and she either fell or was dropped to the floor, and defendant then slammed himself down on top of her. Defendant then began to cry, and Ms. Thompson wiggled free and ran outside. Defendant followed her, told her he was sorry, and handed her the gun. Defendant was later arrested.

Defendant's version of the events was that he had gotten the gun from his house earlier because he had seen a German Shepherd near the house and he was going to shoot it. When he came back outside with the gun, the dog was gone, and defendant put the gun in his pocket. Defendant then went back inside and started washing dishes but cut his finger. He proceeded to the Thompson residence, gun in hand because he thought he might see the dog again. He received a bandage from Ms. Thompson and returned home. Later he was cold and decided to light a kerosene heater but could not find any matches. He again went to the Thompson residence (with the gun) and asked Ms. Thompson for matches. Ms. Thompson asked him in and he followed her into the kitchen. When she turned around to give him the matches, she saw the gun, panicked, and began to run. They collided in the ensuing confusion; defendant tried to grab her arm and explain. He told her he was not going to hurt her and began crying. After Ms. Thompson ran outside, defendant told her he was sorry he had scared her and gave her the gun.

[1] By his first assignment of error defendant contends that the trial court erred in denying his motion to dismiss the charge of attempted first-degree rape at the close of the State's evidence because there was insufficient evidence that defendant intended to rape his victim. We agree.

To prove the charge of attempted first-degree rape against defendant, the State was required to prove that defendant had the intent to have vaginal intercourse with the victim by force and against her will and that in the ordinary and likely course of events his assaultive acts would result in the commission of a rape. N.C. Gen. Stat. §§ 14-27.2, 14-27.6 (1989); *State v. Dowd*, 28 N.C. App. 32, 220 S.E.2d 393 (1975). Although the State is not required to show an actual physical attempt to have sexual intercourse with the victim, there must be substantial evidence that defendant had the intent to gratify his passion upon the victim notwithstanding any resistance on her part. *State v. Schultz*, 88

N.C. App. 197, 362 S.E.2d 853 (1987), *aff'd per curiam*, 322 N.C. 467, 368 S.E.2d 386 (1988). Viewing the evidence presented at trial in the light most favorable to the State, as must be done in considering defendant's motion to dismiss, we fail to discern any evidence that would give rise to a reasonable inference that the attack on the victim was sexually motivated or that defendant at any time had the intent to gratify his passion on the victim. The conviction for attempted first-degree rape must be vacated.

We note that, in vacating a conviction for attempted rape, this Court previously has remanded a similar case for sentencing for assault on a female. *See State v. Rushing*, 61 N.C. App. 62, 300 S.E.2d 445 (1983), *aff'd per curiam*, 308 N.C. 804, 303 S.E.2d 822 (1983). More recent decisions, however, have foreclosed that option. In *State v. Wortham*, 318 N.C. 669, 351 S.E.2d 294 (1987), our Supreme Court ruled that assault on a female is not a lesser included offense of attempted second-degree rape. Relying on *Wortham*, this Court has held that simple assault is not a lesser included offense of attempted second-degree rape. *State v. Robinson*, 97 N.C. App. 597, 389 S.E.2d 417 (1990). Therefore, there appears to be no lesser included offense for which defendant could be sentenced on remand.

Defendant next contends that the trial court erred in denying his motion to dismiss the charge of second-degree kidnapping, because the alleged restraint forming the basis of the kidnapping charge was an inherent and inevitable feature of the alleged attempted rape and, therefore, convictions for both violated his constitutional rights against double jeopardy. Our decision to vacate the conviction for attempted first-degree rape renders this issue moot.

[2] Defendant further contends that the trial court erred in failing to instruct on and submit to the jury the offense of false imprisonment as a lesser included offense of second-degree kidnapping. As defendant did not request such an instruction, he would be barred from raising this alleged error on appeal, *see* N.C.R. App. P. 10(b)(2), unless the omission constituted "plain error." *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). Under the plain error rule, an appellate court will review defects in jury instructions despite the failure of a defendant to bring the defect to the attention of the trial court if the defect affected a substantial right. *State v. Rathbone*, 78 N.C. App. 58, 65, 336 S.E.2d 702, 706 (1985), *disc. review denied*, 316 N.C. 200, 341 S.E.2d 582 (1986).

Defendant must show that the omission was error and that, in light of the record as a whole, the error had a probable impact on the verdict. *State v. Bell*, 87 N.C. App. 626, 635, 362 S.E.2d 288, 293 (1987).

In *State v. Whitaker*, 316 N.C. 515, 342 S.E.2d 514 (1986), the defendant was convicted of kidnapping to facilitate attempted second-degree rape and contended on appeal that the trial court erred in denying his timely request for an instruction on false imprisonment. The Supreme Court agreed, holding that the failure to instruct was error because there was evidence from which the jury could have concluded that defendant intended not to commit rape as charged but some other sexual offense. In *Whitaker*, there was no question about the unlawfulness of the restraint, only about the defendant's intent. In the case before us, defendant was charged with restraining the victim for the purpose of terrorizing her. The State's evidence unerringly pointed to a purpose to terrorize the victim in defendant's act of grabbing the victim at gunpoint and telling her that he was going to kill her. The jury clearly rejected defendant's testimony that the whole incident was a misunderstanding. There thus being no evidence supporting the lesser included offense of false imprisonment, the trial court did not commit plain error in failing to instruct the jury on false imprisonment.

[3] By his last assignment of error, defendant contends that the trial court erred in denying his motion for a mistrial after the court revoked bail during trial and failed to impose new conditions for bail as set forth in N.C. Gen. Stat. § 15A-534(f) (1989). Although the record does not disclose the court's reason for revoking bail, it does reveal that the court's action was taken at the end of the first day of trial, after the victim had testified and after the jury had been excused for the evening, and that, when defendant was brought into court the next day, he was not in shackles or dressed in prison garb and was not escorted by a deputy sheriff. Defendant fails to convince this Court that the trial court's action affected defendant in the preparation and defense of his case to his prejudice. We decline to order a new trial based on the record before us. This assignment of error is overruled.

As for defendant's conviction of second-degree kidnapping, we find no error in the trial below. We vacate the judgment for attempted first-degree rape.

SPARKS v. NATIONWIDE MUTUAL INS. CO.

[99 N.C. App. 148 (1990)]

No error in part, vacated in part.

Judges WELLS and LEWIS concur.