IN THE MATTER OF NICHOLAS JONES, A JUVENILE

No. COA99-19

(Filed 2 November 1999)

1. **Rape— juvenile petitions—sexual offense by older defendant against young victim—no allegation of ages— insufficient**

    Juvenile petitions alleging violations of N.C.G.S. § 14-27.4(a)(1) (a sexual act with a child under 13 by a defendant at least 12 years old and at least 4 years older than the victim) were fatally defective where they did not contain the crucial allegations of the ages of the victim and respondent and did not allege a violation of any other lesser or related sexual offense.

IN RE JONES

[135 N.C. App. 400 (1999)]

**2. Rape— young victim and older defendant—no evidence of defendant's age—evidence insufficient**

There was plain error in a prosecution of a juvenile for violation of N.C.G.S. § 14-27.2(a)(1) (rape of a child under 13 by a defendant at least 12 and at least 4 years older than the victim) where the court failed to dismiss the charge for insufficient evidence in that the State did not offer any evidence of respondent's age. No decisions of the North Carolina Supreme Court allow the trial court to find beyond a reasonable doubt the respondent's age in a juvenile prosecution for first-degree rape merely by observing the juvenile in the courtroom where the State offers no direct or circumstantial evidence of the respondent's age and where the respondent's age is an essential element of the crime charged.

Judge EDMUNDS concurring.

Appeal by respondent juvenile from an order entered 2 June 1998 by Judge Shirley H. Brown in Buncombe County District Court. Heard in the Court of Appeals 23 September 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel D. Addison, for the State.*

*Public Defender J. Robert Hufstader, by Assistant Public Defender Patricia A. Kaufmann, for respondent appellant.*

HORTON, Judge.

On 14 January 1998, Detective J. D. Owenby, Jr., of the Buncombe County Sheriff's Department, verified five juvenile petitions alleging that the respondent, Nicholas Jones, was a delinquent juvenile by reason of various sexual offenses involving L.G.C., a female juvenile. The petitions were approved for filing by the Juvenile Intake Counselor on 26 January 1998. The first of those petitions alleged, in pertinent part,

[t]hat the juvenile [respondent] is a delinquent juvenile as defined by G.S. 7A-517(12), in that at and in the county named above [Buncombe], and on or about the 25th day of November, 1997, the juvenile unlawfully, willfully, and feloniously did engage in a sex offense with [L.G.C.].

The offense charged here is in violation of G.S. 14-27.

The second and third petitions were identical to the first, except that both alleged the date of the offense to be 27 November 1997. The fourth petition was also identical to the first three petitions, except that it alleged the date of the offense to be 28 November 1997. We will discuss the fifth petition, which purported to charge the respondent with first-degree rape, below.

**[1]** We first note that N.C. Gen. Stat. § 14-27 was repealed in 1979. 1979 N.C. Session Laws, ch. 682, § 7, effective 1 January 1980. It appears from the record and the briefs of the parties that the State intended to charge respondent with a violation of N.C. Gen. Stat. § 14-27.4(a)(1) (Cum. Supp. 1998), first-degree sexual offense, which reads as follows:

> (a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

The respondent's trial was conducted on the theory that he was charged with first-degree sexual offense, and the trial court adjudicated respondent to be delinquent "by reason of four counts of 1st degree sex offense in violation of G.S. 14-27." The four petitions described above, however, did not contain any allegation of the age of the victim or the respondent. Respondent argues that they were fatally defective on their faces, and that judgment should be arrested in the four cases. We agree.

N.C. Gen. Stat. § 7A-560 (1995), a part of our juvenile code, provides, in pertinent part:

> . . . In cases of alleged delinquency or undisciplined behavior, the petitions shall be separate.
>
> A petition in which delinquency is alleged shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the accusation.

Respondent was, of course, entitled to adequate notice of the charges against him so that he can defend himself against the allegations of the petitions.

"Notice must be given in juvenile proceedings which would be deemed constitutionally adequate in a civil or criminal proceeding; that is, notice must be given the juvenile and his parents sufficiently in advance of scheduled court proceedings to afford them reasonable opportunity to prepare, and the notice must set forth the alleged misconduct with particularity."

*State v. Drummond*, 81 N.C. App. 518, 520, 344 S.E.2d 328, 330 (1986) (quoting *In re Burrus*, 275 N.C. 517, 530, 169 S.E.2d 879, 887 (1969)). Here, the four petitions did not state respondent's alleged misconduct with particularity, in that they did not contain the crucial allegations of the ages of the victim and respondent as required for an alleged violation of N.C. Gen. Stat. § 14-27.4(a)(1). Further, it does not appear that the petitions in this case alleged a violation of any other lesser or related sexual offense described in Article 7 (Rape and Kindred Offenses) of Chapter 14 of our General Statutes. The petitions were fatally defective and the judgments based on them must be arrested.

## II.

[2] The fifth petition alleges that respondent

is a delinquent juvenile as defined by G.S. 7A-517(12), in that at and in the county named above, and on or about the 28th day of November, 1997, the juvenile did unlawfully and willfully and feloniously did ravish and carnally know [L.G.C.], by force and against the person[']s will.

The offense charged here is in violation of G.S. 14-27.2.

The petition states a violation of N.C. Gen. Stat. § 14-27.2(a)(2), first-degree rape. Immediately prior to trial, the State moved to amend the fifth petition to allege a violation of N.C. Gen. Stat. § 14-27.2(a)(1) (Cum. Supp. 1998), which statute provides that:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old or is at least four years older than the victim[.]

Respondent objected to the amendment, and contends the trial court erred in overruling his objection. We need not reach the merits of respondent's argument, however, because the State did not offer any evidence at trial that respondent was at least 12 years old or at

least four years older than L.G.C. Respondent contends the trial court committed plain error in failing to dismiss the charge of first-degree rape for insufficiency of the evidence. We note that respondent did not move to dismiss the charges against him at trial, however, we have elected, pursuant to our inherent authority and Rule 2 of the Rules of Appellate Procedure, to consider whether there was sufficient evidence of every element of the offense of first-degree rape to submit the charge to the trial court as the trier of fact.

Under the plain error rule, the error of the trial court

must have "had a probable impact on the jury's finding of guilt." Defendant, therefore, "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."

*State v. Allen*, 339 N.C. 545, 555, 453 S.E.2d 150, 155-56 (1995) (citations omitted), *abrogated by State v. Gaines*, 345 N.C. 647, 483 S.E.2d 396, *cert. denied*, 522 U.S. 900, 139 L. Ed. 2d 177 (1997). On a motion to dismiss,

the question is whether the evidence is legally sufficient to support a verdict of guilty on the offense charged, so as to warrant submission of the charge to the jury. We must view the evidence in the light most favorable to the State and afford the State every reasonable inference that may arise from the evidence. There must be substantial evidence to support a finding that an offense has been committed and that the defendant committed it. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Jackson*, 119 N.C. App. 285, 287, 458 S.E.2d 235, 237 (1995) (citations omitted). Respondent contends the State failed to offer evidence of his age at the time of the offense, that his age was an essential element of the offense, and that the charge of first-degree rape should be dismissed. We agree.

Our Supreme Court confronted the issue of a motion to dismiss on a sex offense charge in *State v. Rhodes*, 321 N.C. 102, 361 S.E.2d 578 (1987). In *Rhodes*, the defendant was charged with first-degree rape under N.C. Gen. Stat. § 14-27.2(a)(1). As in the case before us, the ages of the victim and defendant were elements of the offense. In *Rhodes*, the Supreme Court held that the evidence of the respective ages of the victim and defendant was sufficient to withstand the motion to dismiss:

A person may be guilty of first degree rape if (1) he has vaginal intercourse with a child under the age of 13 years, (2) he is at least 12 years old and (3) he is at least four years older than the victim. In this case two witnesses, the ten year old prosecuting witness and her nine year old brother, testified the defendant had intercourse with the ten year old girl. *There was testimony from several witnesses that the prosecuting witness was ten years of age. The defendant testified he was born on 4 February 1956 which would make him 29 years of age on 4 January 1986. This evidence is sufficient to withstand a motion to dismiss on the charge of first degree rape.*

*Rhodes*, 321 N.C. at 104, 361 S.E.2d at 580 (emphasis added) (citation omitted). In the case before us, the defendant's age is an essential element of the offense of the amended offense of first-degree rape. The State bears the burden of proving each element of a criminal offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 362, 25 L. Ed. 2d 368, 374 (1970). The State did not, however, offer any evidence, direct or circumstantial, of respondent's age at the time of the offense in question. In the context of a motion to dismiss, the State must present substantial evidence of each element of the offense charged. *State v. Nobles*, 350 N.C. 483, 504, 515 S.E.2d 885, 898 (1999). The State contends, however, that in North Carolina the jury may determine a criminal defendant's age merely by observing him in the courtroom. In support of that position, the State relies on the cases of *State v. Samuels*, 298 N.C. 783, 787, 260 S.E.2d 427, 430 (1979); *State v. Evans*, 298 N.C. 263, 267, 258 S.E.2d 354, 356 (1979), *overruled on other grounds by State v. Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989); *State v. Gray*, 292 N.C. 270, 286, 233 S.E.2d 905, 915 (1977); *State v. Overman*, 269 N.C. 453, 470, 153 S.E.2d 44, 58 (1967), *overruled on other grounds by State v. Hickey*, 317 N.C. 457, 346 S.E.2d 646 (1986). Careful analysis of the facts of the cases cited by the State, and other relevant North Carolina decisions, convinces us that our evidentiary rule does not allow a jury to determine the age of a criminal defendant beyond a reasonable doubt merely by observing him in the courtroom without having the benefit of other evidence, whether circumstantial or direct.

The first North Carolina decisions to deal with proof of the age of a defendant were *State v. Arnold*, 35 N.C. 184 (1851) and *State v. McNair*, 93 N.C. 628 (1885). In each case, the defendant contended he was less than fourteen years of age at the time of the offense in question, and thus presumptively incapable under the common law of

committing a criminal offense. "In cases of rape, the common law presumption of incapacity was conclusive to age fourteen." *State v. Rogers*, 275 N.C. 411, 424, 168 S.E.2d 345, 352 (1969), *cert. denied*, 396 U.S. 1024, 24 L. Ed. 2d 518 (1970). In *Arnold*, a prosecution for murder, the defendant offered no evidence of his age at trial, but insisted on appeal that he appeared to be under fourteen years of age, "and, therefore, that it was incumbent on the State to prove that he was over that age . . . ." *Arnold*, 35 N.C. at 187. Chief Justice Ruffin opined for the Court that "[a]s the subject of direct proof, the *onus* was certainly on the prisoner, as the reputed age of every one is peculiarly within his own knowledge, and also the persons by whom it can be directly proved." *Id.* at 192. In *McNair*, the defendant also contended in defense of the charge of murder that he was under the age of fourteen years at the time of the alleged offense. There was testimony before the jury on the issue of his age, the "mother of the prisoner rendering it somewhat uncertain whether he was of that age, and a number of witnesses for the State placing it at about seventeen years." *McNair*, 93 N.C. at 630-31. In instructing the jury, the trial court stated: "It is for you to say whether he is under fourteen years of age or not, being, as you see him before you, grown to the stature of manhood." *Id.* at 631. The prosecutor suggested to the trial court that the instruction might be construed as expressing an opinion on the defendant's age, and the trial court gave the jury an additional instruction:

> What the court said to them in reference to the size and appearance of the prisoner was not to be taken by them as indicating the opinion of the court as to the prisoner's age, but that they had a right to consider his size and appearance to aid them in coming to a conclusion as to his age.

*Id.* at 631. In affirming McNair's conviction and death sentence, Chief Justice Smith noted that "it was competent for the jury to look at the prisoner and draw such reasonable inferences as to his youth as his appearance warranted. *Indeed, the burden rested on him to prove his incapacity from nonage to commit the imputed crime.*" *Id.* at 632 (emphasis added). Thus, in both *Arnold and McNair*, we note that the burden was on the *defendant* to prove the common law defense of "nonage." In *Arnold*, the defendant offered no direct evidence as to his age, and thus failed to carry his burden even though he was a "small boy," and appeared to be less than fourteen years of age. In *McNair* there was conflicting evidence from the defendant's mother and the State's witnesses, so that it was held proper for the

trial court to allow the jury to observe the defendant himself to "aid" the jury in resolving the conflicting testimony as to his age. Although neither of these early decisions hold that a jury may determine the age of a criminal defendant based entirely upon in-court observations, without other evidence, these early cases apparently led to the broad statement by Stansbury that the jury "may look upon the prisoner, although he is not in evidence, to estimate his age." Stansbury's, North Carolina Evidence, § 119 (2d ed. 1963).

In *Overman*, 269 N.C. 453, 153 S.E.2d 44, a prosecution for rape, our Supreme Court held that it was not improper for the assistant solicitor to comment in his argument to the jury on the relative *sizes* of the prisoner and the alleged victim. In finding that the argument was neither "offensive [n]or inflammatory," the Supreme Court cited the above statement from Stansbury relative to a jury "estimating" the age of a defendant. *Id.* at 470, 153 S.E.2d at 58. We note that in *Overman*, the size of the defendant was not an essential element of the offense charged.

A decade later, our Supreme Court decided *Gray*, 292 N.C. 270, 233 S.E.2d 905, in which the defendant was charged with rape, felonious assault, and first-degree burglary. The State was required to prove, as an essential element of the offense, that the defendant was more than sixteen years of age. The Supreme Court decided, as a matter of first impression, that when age is in issue, the trial court may properly admit into evidence the opinions of lay witnesses regarding a person's age. In *Gray*, numerous lay witnesses offered their opinions as to the defendant's age, and the defendant himself testified about his Navy duty, his marriage and his two children. "From defendant's own testimony the conclusion that he was more than sixteen years old, although admittedly one for the jury to draw, is simply inescapable." *Id.* at 286, 233 S.E.2d at 915. We note that the record indicates that the defendant Gray was in fact twenty-eight years of age at the time of his trial.

In *Evans*, 298 N.C. 263, 258 S.E.2d 354, the defendant was charged with first-degree burglary, assault on a female with intent to commit rape, and felonious larceny. The jury found the defendant guilty of first-degree burglary, not guilty of felonious larceny, and guilty of misdemeanor assault on a female. The trial court imposed an active sentence of life imprisonment on the charge of burglary, and imposed a concurrent two-year sentence on the misdemeanor of assault on a female. On appeal, the defendant argued in part that the State failed to offer evidence on an element of misdemeanor assault on a female

because there was no evidence that he was more than 18 years of age. In affirming defendant's conviction, the Supreme Court cited *McNair* and Stansbury for the proposition that "the jury may look upon a person and estimate his age." *Evans*, 298 N.C. at 267, 258 S.E.2d at 356. The Court continued, however, by pointing out that "any error . . . relative to the assault charge was harmless[,]" because the sentences ran concurrently. *Id.* at 267, 258 S.E.2d at 356-57.

Later in 1979, the question was again presented to our Supreme Court in *Samuels*, 298 N.C. 783, 260 S.E.2d 427. Defendant Samuels was charged with first-degree rape and with robbery with a dangerous weapon. He was convicted on the rape count, and sentenced to life imprisonment. On appeal to our Supreme Court, counsel for Samuels stated that he could find no error prejudicial to defendant, and asked that the Supreme Court review the record for possible prejudicial error. Justice Copeland, writing for the Court, stated that one of the essential elements of first-degree rape was that the defendant be more than sixteen years of age at the time of its commission. *Id.* at 787, 260 S.E.2d 430. "Here, the jury had ample opportunity to view the defendant and estimate his age. *See State v. Evans*, 298 N.C. 263, 258 S.E.2d 354 (1979)." *Id.* Although the brief opinion in *Samuels* gives the impression that there was no other evidence of defendant Samuel's age, requiring the jury to "estimate" his age, one investigating officer testified that the victim described the man who attacked her as "about 25 years of age, about 6 feet one inches tall, 190 lbs., medium complexion, black hair . . . ." Another officer also testified that the victim described her assailant as "about 25 years of age . . . ." The victim identified the defendant Samuels as her assailant. Thus, there was competent lay opinion evidence of Samuels' age upon which the jury could find that he was more than sixteen years of age at the time of the offense charged.

In *Barnes*, 324 N.C. 539, 380 S.E.2d 118, the defendant was convicted, among other things, for statutory rape. An element of the offense was that the defendant be at least 12 years of age and at least four years older than the victim. On appeal, defendant challenged the constitutionality of the decisions in *Evans*, *Gray*, and *McNair*, insofar as they allowed the jury to "determine a defendant's age based on their observations of the defendant." *Barnes*, 324 N.C. at 540, 380 S.E.2d at 119. Our Supreme Court did not reach the constitutional question in *Barnes*, however, because "the State [in *Barnes*] presented adequate circumstantial evidence from which the jury could determine defendant's age." *Id.*

**IN RE JONES**

[135 N.C. App. 400 (1999)]

In the case before us, the State offered no evidence, direct or circumstantial, of the respondent's age although the State itself moved to amend the juvenile petition and alleged that the respondent was more than 12 years of age and more than four years older than the alleged victim at the time of the offense. We do not believe that any of the decisions of our Supreme Court allow the trial court to find beyond a reasonable doubt the respondent's age in a juvenile prosecution for first-degree rape, merely by observing the juvenile in the courtroom, where the State offers no direct or circumstantial evidence of the respondent's age, and where the age of the respondent is an essential element of the crime charged. The difficulty of determining the age of a juvenile by merely observing the juvenile is exacerbated by the requirement that the age of the juvenile *at the time of the alleged offense* is the crucial determination, not the age of the juvenile at the time of trial. Further, the trial court made no specific finding as to respondent's age at the time of the offenses alleged; the Juvenile Adjudication Order merely states that "after hearing all the evidence in this matter that the juvenile did commit the acts alleged and finds the juvenile to be delinquent." In light of our decision, we need not reach the related constitutional questions which arise if we relieve the State of the burden of proving beyond a reasonable doubt an essential element of a felony charge against a juvenile respondent.

We hold the trial erred in failing to dismiss the four charges of first-degree sexual offense as fatally defective, and in failing to dismiss the charge of first-degree rape at the close of the evidence, the State having failed to offer any evidence of respondent's age. In light of our decision, we need not consider respondent's contention that the trial court erred in allowing the State to amend over his objection the juvenile petition charging him with first-degree rape.

Reversed.

Judge WYNN concurs.

Judge EDMUNDS concurs in result with separate opinion.

Judge EDMUNDS concurring in the result.

I concur with the majority holding that the four juvenile petitions that fail to allege the age of either the juvenile or the victim are fatally flawed. As to the fifth petition, I concur in the result, but on different

grounds. I believe the State should not have been allowed to amend the petition on the day of trial.

The petition in question originally charged that "the juvenile did unlawfully and willfully and feloniously [] ravish and carnally know [the victim], by force and against the persons [sic] will. The offense charged here is in violation of G.S. 14-27.2." On the morning of trial, the State moved to amend this charge to "a statutory offense." Over respondent's objection, the motion was allowed.

Section 7A-627 states:

The judge may permit a petition to be amended when the amendment does not change the nature of the offense alleged or the conditions upon which the petition is based. If a motion to amend is allowed, the juvenile shall be given a reasonable opportunity to prepare a defense to the amended allegations.

N.C. Gen. Stat. § 7A-627 (1995) (repealed effective 1 July 1999). This statute does not define the critical term "nature of the offense." However, several cases provide guidance. In *State v. Clements*, 51 N.C. App. 113, 275 S.E.2d 222 (1981), a defendant was charged with death by motor vehicle. The State's motion to amend the underlying traffic offense from "following too closely" to "failure to reduce speed to avoid an accident" was allowed. This Court affirmed the conviction, noting that both before and after the amendment defendant was charged with causing a death while violating a statute pertaining to operation of a motor vehicle. The *Clements* Court held that substituting a "substantially similar" motor vehicle violation for the violation originally alleged did not change the nature of the offense of "death by motor vehicle." *Id.* at 116-17, 275 S.E.2d at 225. Similarly, in *In re Jones*, 11 N.C. App. 437, 181 S.E.2d 162 (1971), the respondent juvenile was charged with stealing lights from a parked vehicle. This Court held that an amendment that clarified the identity of the victim did not change the nature of the offense charged.

By comparison, in *In re Davis*, 114 N.C. App. 253, 441 S.E.2d 696 (1994), we held that amending a petition to charge the burning of personal property, in place of the original charge of setting fire to a public building, impermissibly changed the offense alleged against the juvenile. Finally, in *State v. Drummond*, 81 N.C. App. 518, 344 S.E.2d 328 (1986), we held that N.C. Gen. Stat. § 14-27.2 (Supp. 1998) encompassed two types of first-degree rape and that a defendant

was entitled to adequate notice of which of the two types the State was pursuing.

Based on the statute and the foregoing cases, I believe that statutory rape is an offense of a different nature from forcible rape. On one hand, these two offenses are charged in the same statute (unlike the two burning charges in *Davis*) and both have the same penalty. On the other hand, these offenses have different elements. Statutory rape is a strict liability offense that focuses on the age of the participants. *See State v. Anthony*, 133 N.C. App. 573, 578, 516 S.E.2d 195, 198 (1999) (citing *Meads v. N.C. Dep't of Agric.*, 349 N.C. 656, 674, 509 S.E.2d 165, 177 (1998)). The only intent necessary to commit statutory rape is the intent to have sexual intercourse. By contrast, forcible rape, in which the age of the parties is immaterial, requires an intent by the defendant to gratify his passions notwithstanding any resistance on the part of the victim. *See State v. Nicholson*, 99 N.C. App. 143, 392 S.E.2d 748 (1990). Statutory rape does not encompass violence, while forcible rape is a crime of violence as a matter of law. *See State v. Rose*, 335 N.C. 301, 439 S.E.2d 518 (1994). The significant differences between these forms of rape have led us to hold that a defendant was constitutionally entitled to be given notice of which form the State intended to prove at trial. *See Drummond*, 81 N.C. App. 518, 344 S.E.2d 328. I would hold that the amendment made by the State changed the "nature of the offense" and was therefore impermissible.