TIMMONS-GOODSON, Judge.
D.D.("juvenile") appeals an order adjudicating him delinquent for three counts of simple assault. For the reasons discussed herein, we affirm the adjudication of delinquency.
The facts as presented at the adjudication hearing tend to show the following: On 10 September 2003, three juvenile petitions were filed alleging that juvenile was delinquent in that juvenile committed three counts of simple assault upon H.M., a thirteen-year-old female. The first petition alleged that juvenile assaulted H.M. "by rubbing her leg and attempting to grab her breast." The second petition alleged that juvenile assaulted H.M. "by rubbing her leg." The third petition alleged that juvenile assaulted H.M. "by putting his hands on her thighs and grabbing her butt."
A delinquency hearing was held on 31 October 2003. At the hearing, H.M. testified that on 6 August 2003, while she and juvenile were riding their school bus, juvenile rubbed her leg and attempted to grab her breast. H.M further testified that on 7 August 2003, while she and juvenile were again riding their school bus, juvenile again attempted to rub her leg. H.M. testified that she "told [juvenile] to stop" on each occasion. H.M also testified that on 8 August 2003, while she and juvenile were standing in line waiting to leave a classroom, juvenile "grabbed [her] butt" and "[k]ept doing it" after she told him to stop.
A.B., a thirteen-year-old classmate of H.M. and juvenile, testified that she witnessed juvenile "grab [H.M.'s] butt" on 8 August 2003, while she and her classmates waited to exit their classroom. A.B. also testified that she heard H.M. tell juvenile to stop. R.S., an eleven-year-old friend of H.M., testified that she witnessed juvenile attempt "to feel [H.M.'s] leg" and "put his arm around her" while riding the school bus. R.S. was unable to recall whether this incident occurred on 6 August 2003 or 7 August 2003.
Juvenile testified during the delinquency hearing and denied the allegations against him. On direct examination, juvenile admitted that he rode the school bus on 6 August 2003, 7 August 2003, and 8 August 2003, but he could not recall whether he was sitting with H.M. on those days. Juvenile testified that he could not have assaulted H.M. "toward the end of the bus ride" as R.S. had indicated, because his "bus stop was the very first stop that the bus made." Juvenile also denied assaulting H.M. while the two waited in line to exit their classroom, and he testified that H.M. initially accused juvenile's brother of the assaults. According to juvenile, he and H.M. had "went out at one time[,]" but "shortly after that [they] had broke up[.]" Juvenile testified that H.M. continued to approach him on the bus following the end of their relationship, even after he told her "to go to the front and sit somewhere else." When asked whether "she's just doing this to retaliate against" him, juvenile replied that he did not know.
On cross-examination, juvenile admitted that he had previously been in juvenile court for "[s]exual harassment" following his alleged assault of four different girls at school in August 2002. On redirect examination, juvenile testified that he had denied each of the prior charges, and that he was "not found guilty of all of those charges[.]"
After hearing arguments from both parties, the trial court found beyond a reasonable doubt that juvenile was a delinquent juvenile. The trial court extended juvenile's probation for six months and ordered juvenile to refrain from contacting or communicating with any of the witnesses or their families. The trial court also ordered juvenile to perform fifty hours of community service within twenty-four weeks, serve fourteen twenty-four-hour periods in secure custody, and receive sex offender-specific evaluation and treatment. Juvenile appeals.
We note initially that juvenile's brief contains arguments supporting only one of the original two assignments of error. Pursuant to N.C.R. App. P. 28(b)(6) (2004), the omitted assignment of error is deemed abandoned. Therefore, we limit our present review to that assignment of error properly preserved by juvenile for appeal.
The issue on appeal is whether the trial court erred in admitting evidence regarding juvenile's prior delinquency charges. Although juvenile concedes that he failed to object to this alleged error, he nevertheless contends that the trial court committed plain error by allowing the introduction of this evidence. We disagree.
Under the plain error rule, the trial court's error must have had a probable impact on the finding of guilt. In re Jones, 135 N.C. App. 400, 404, 520 S.E.2d 787, 789 (1999). As our Supreme Court stated in State v. Odom, the rule should be applied "cautiously" and only in the "exceptional case" where the claimed error is
"a `fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or `where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has `"resulted in a miscarriage of justice or in the denial to appellant of a fair trial"' or where the error is such as to `seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said `the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'"
307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)) (alteration in original). If we are not persuaded on appeal that, absent the error, a different result would have been reached, we will not award a new trial based upon plain error. State v. Ridgeway, 137 N.C. App. 144, 147, 526 S.E.2d 682, 685 (2000).
In the instant case, assuming arguendo that the trial court erred by admitting evidence regarding prior allegations of juvenile's delinquency, because we are not persuaded that a different result would have been reached absent the alleged error, we conclude that juvenile is not entitled to a new trial. Juvenile contends that the trial court's alleged error "was especially damning and prejudicial since the allegations in the petitions before the court were similar to the prior allegations." However, as discussed above, H.M. testified at trial regarding juvenile's unauthorized touching of her, and two witnesses corroborated H.M.'s version of the incidents. We note that "`[i]n a nonjury trial, if incompetent evidence is admitted and there is no showing that the judge acted on it, the trial court is presumed to have disregarded it.'" In re Hartsock, 158 N.C. App. 287, 290, 580 S.E.2d 395, 397 (2003) (quoting In re Oghenekevebe, 123 N.C. App. 434, 438, 473 S.E.2d 393, 397 (1996)); see In re McMillon, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175, disc. review denied, 354 N.C. 218, 554 S.E.2d 341 (2001) ("In a bench trial, the court is presumed to disregard incompetent evidence."). Thus, "[w]here there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." McMillon, 143 N.C. App. at 411, 546 S.E.2d at 175. In light of the record in the instant case, we conclude that, notwithstanding the testimony regarding the prior allegations of juvenile's delinquency, the trial court had ample evidence to support the adjudication. Therefore, we further conclude that the trial court did not commit reversible error by allowing the State to cross-examine juvenile regarding prior allegations of delinquency. Accordingly, we affirm the trial court's order adjudicating juvenile as delinquent.
Affirmed.
Judges HUDSON and STEELMAN concur.
Report per Rule 30(e).