STATE v. BOEKENOOGEN

[147 N.C. App. 292 (2001)]

---

STATE OF NORTH CAROLINA v. KENNETH MICHAEL BOEKENOOGEN

No. COA00-1194

(Filed 20 November 2001)

**1. Kidnapping— first-degree—lesser included offense of false imprisonment**

The trial court did not err in a first-degree kidnapping case by refusing to submit false imprisonment as a lesser included offense, because: (1) the evidence at trial indicated that defend-

ant's purpose was to terrorize his victim ex-wife as enumerated in the kidnapping statute under N.C.G.S. § 14-39(a)(3); and (2) there was no evidence from which a reasonable jury could conclude that defendant merely wished to communicate with his ex-wife.

### 2. Evidence— cross-examination—events of kidnapping—amnesia

The trial court did not abuse its discretion in a first-degree kidnapping case by permitting the State to cross-examine defendant about the events of 26 September 1998 even though defendant contends he suffered from amnesia and was unable to recall, because: (1) a prosecutor may properly argue the failure of a defendant to produce evidence; (2) a criminal defendant who takes the stand on his own behalf is subject to cross-examination to the same extent as any other witness; (3) once defendant took the stand, the State was entitled to thoroughly cross-examine him, including questioning his lack of memory for which there was no dispositive medical evidence; and (4) it was under such cross-examination that defendant admitted he could picture himself binding and gagging a woman that he loved.

Appeal by defendant from judgment entered 12 August 1999 by Judge Howard E. Manning, Jr., in Durham County Superior Court. Heard in the Court of Appeals 28 September 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Sharon Patrick-Wilson, for the State.*

*Kevin P. Bradley for defendant appellant.*

TIMMONS-GOODSON, Judge.

On 12 August 1999, a jury found Kenneth Michael Boekenoogen ("defendant") guilty of first-degree kidnapping. The evidence at trial tended to show the following: On the morning of 26 September 1998, defendant entered a bakery in Durham County, North Carolina, where his ex-wife, Lynn Marie Boekenoogen ("Boekenoogen"), worked as the sole employee. Defendant immediately seized Boekenoogen by her hair, held a knife to her throat, and threatened to kill her. Defendant then pushed Boekenoogen into a back room of the bakery and proceeded to bind her head, arms and legs with duct tape. During the struggle, defendant sliced Boekenoogen's thumb with his knife and knocked out one of her teeth.

After binding Boekenoogen with tape, defendant locked the front door of the bakery and placed a small, hand-printed sign on the door announcing that, "Due to a family emergency, we will be closed today. We will reopen on Monday 9/28/98. Thank you." While defendant was occupied at the front of the bakery, Boekenoogen freed herself from the duct tape enough to exit from the rear of the building and obtain assistance. Durham police officers located defendant five days later at John Umstead Hospital, where defendant had been involuntarily committed for psychiatric evaluation and treatment after attempting suicide.

Defendant testified that he could recall nothing concerning the altercation with Boekenoogen. Dr. Michael Hill ("Dr. Hill"), a clinical associate professor of psychiatry at the University of North Carolina at Chapel Hill, testified that defendant's lack of memory was due to an alcohol-induced amnesia, also known as an "alcohol blackout." Dr. Hill admitted, however, that his diagnosis was based in part upon information given to him by defendant and that medical testing revealed no physical explanation for defendant's memory loss. Defendant also presented testimony from his friend Stephanie Gancarz ("Gancarz"), who stated that she talked to defendant on the telephone the morning of 28 September 1998. According to Gancarz, defendant was "hysterical," stating "I'm sorry. I'm sorry. I didn't mean to hurt her. . . . I want to die. I just wanted her to feel the pain that she made me feel." Defendant could not remember his telephone conversation with Gancarz.

Upon receiving the jury's guilty verdict, the trial court sentenced defendant to a minimum term of one hundred thirty-three (133) months' and a maximum term of one hundred sixty-nine (169) months' imprisonment. From his conviction and sentence, defendant appeals.

---

Defendant argues the trial court erred in refusing to submit false imprisonment as a lesser included offense of kidnapping to the jury, and that it abused its discretion in permitting certain cross-examination questions by the State. For the reasons stated herein, we reject defendant's arguments and conclude that the trial court committed no error.

[1] Defendant contends the trial court erred in denying defendant's request to submit the charge of false imprisonment to the jury. Defendant asserts there was evidence at trial from which the jury

STATE v. BOEKENOOGEN

[147 N.C. App. 292 (2001)]

could conclude that defendant committed the lesser included offense. We disagree.

North Carolina General Statutes section 14-39 states in pertinent part that:

> [a]ny person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of: . . . [d]oing serious bodily harm to or terrorizing the person so confined.

N.C. Gen. Stat. § 14-39(a)(3) (1999). False imprisonment is a lesser included offense of kidnapping and must be submitted as such to the jury, unless there is no evidence of any purpose other than one of those enumerated in the kidnapping statute. *See State v. Kyle*, 333 N.C. 687, 703, 430 S.E.2d 412, 421 (1993). Although defendant could not recall his purpose in assaulting Boekenoogen, he nevertheless contends that Gancarz's testimony established that defendant's purpose in restraining his ex-wife was for reasons other than for the purpose of terrorizing her. Specifically, defendant argues that his statement to Gancarz that he "just wanted her to feel the pain that she made [defendant] feel" indicates that defendant merely wished to effectively communicate to his ex-wife the strong emotions he felt over their separation.

Defendant's argument is without merit. The evidence at trial overwhelmingly indicated that defendant's purpose on 26 September 1998 was to terrorize Boekenoogen. *See State v. Nicholson*, 99 N.C. App. 143, 147, 392 S.E.2d 748, 751 (1990) (holding that where the defendant grabbed the victim at gunpoint and threatened to kill her, such evidence "unerringly pointed to a purpose to terrorize"). Defendant, who is six feet tall and weighs approximately 170 pounds, entered the bakery and immediately seized Boekenoogen, who is four feet, eleven inches tall and weighs ninety-two pounds, by her hair. Holding a knife to her throat, defendant forced Boekenoogen to a back room, substantially injuring her in the process and repeatedly informing her that he was going to kill her. Defendant thoroughly bound Boekenoogen with duct tape, including her head and mouth. Defendant obviously deliberated upon his course of action, as evidenced by the sign he created stating that the bakery would be closed for several days, as well as by the duct tape he brought with him to the bakery. Given defendant's actions, there was no evidence from

which a reasonable jury could conclude that defendant merely wished to communicate with his ex-wife, and the trial court therefore properly denied defendant's request to submit the charge of false imprisonment to the jury. We therefore overrule defendant's first assignment of error.

**[2]** By his second assignment of error, defendant argues the trial court abused its discretion in permitting the State to cross-examine defendant. Defendant contends that, as he was unable to recall the events of 26 September 1998, several of the prosecution's questions to him were improper and made in bad faith. At trial, the following exchange occurred:

Q [the State]: You cannot deny being the perpetrator that confined, restrained and removed [Boekenoogen], which constitutes a kidnapping charge, right?

[Defense counsel]: Objection.

THE COURT: Overruled.

A [Defendant]: Yes, ma'am.

. . . .

Q: So you don't find it—you can see yourself—you can picture yourself binding and gagging a woman that you love, right?

A: That's not exactly what I meant by the statement, but yes, ma'am.

Q: You could picture yourself terrorizing, assaulting and threatening to kill a woman that you claim to love?

A: No, ma'am.

Q: Well, that's exactly what happened on September 26th.

[Defense counsel]: Objection.

THE COURT: Overruled.

Q: You have not denied that that's exactly what happened on September 26—

[Defense counsel]: Objection.

THE COURT: Overruled.

Q: —right?

A: That's correct.

Q: The bottom line is there's nothing you can say that can dispute one single thing that Lynn Boekenoogen told this jury—

[Defense counsel]: Objection.

Q: —right?

THE COURT: Overruled.

A: That's correct.

Defendant argues the above-stated questions were improper, in that they implied that defendant could not dispute the prosecution's version of events. We disagree.

In *State v. Fletcher*, 348 N.C. 292, 322, 500 S.E.2d 668, 685 (1998), *cert. denied*, 525 U.S. 1180, 143 L. Ed. 2d 113 (1999), our Supreme Court noted that "[a] prosecutor may . . . properly argue the failure of the defendant to produce evidence." *See also State v. Tilley*, 292 N.C. 132, 143, 232 S.E.2d 433, 441 (1977) (holding that the State may properly draw the jury's attention to the failure of the defendant to produce exculpatory evidence or to contradict the State's case). Moreover, when a criminal defendant takes the stand to testify on his own behalf, he is subject to cross-examination to the same extent as any other witness. *See State v. Faison*, 330 N.C. 347, 361, 411 S.E.2d 143, 151 (1991). A defendant's admission as to a material fact does "not relieve the State of the burden of proving its entire case beyond a reasonable doubt as long as defendant [stands] on his plea of not guilty." *State v. Cutshall*, 278 N.C. 334, 347, 180 S.E.2d 745, 753 (1971).

In the instant case, defendant chose to testify in his own defense, despite his claim of amnesia. Once defendant took the stand, the State was entitled to thoroughly cross-examine him, including questioning his lack of memory, for which there was no dispositive medical evidence. It was under such cross-examination that defendant admitted he could "picture [himself] binding and gagging a woman that [he] love[d]." Under such circumstances, the State's questions were appropriate, and the trial court properly overruled defendant's objections. We therefore overrule defendant's second assignment of error.

In summary, we hold defendant received a fair trial, free from prejudicial error.

No error.

Judges McGEE and BIGGS concur.